Rec #072923

53

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

**R. L. Ross,**

Plaintiff,

v.

**DONALD BACHAND,** PERSONALLY AND IN HIS
CAPACITY AS FORMER PROVOST AND PRESIDENT
OF SAGINAW VALLEY STATE UNIVERSITY; **JILL
WETMORE** PERSONALLY AND IN HER CAPACITY AS
DEAN OF THE SAGINAW VALLEY STATE
UNIVERSITY COLLEGE OF BUSINESS AND
MANAGEMENT; **SHAUN BANGERT** PERSONALLY
AND IN HER CAPACITY AS FACULTY MEMBER OF
SAGINAW VALLEY STATE UNIVERSITY AND
PRESIDENT OF THE SAGINAW VALLEY STATE
UNIVERSITY FACULTY ASSOCIATION; **ROBERT
LANE**, PERSONALLY AND IN HIS CAPACITY AS
PRESIDENT AND PAST-PRESIDENT OF THE SAGINAW
VALLEY STATE UNIVERSITY FACULTY
ASSOCIATION; **DEBORAH BISHOP** PERSONALLY
AND IN HER CAPACITY AS PROFESSOR, REVIEW
COMMITTEE CHAIR, AND SVSUFA OFFICER;
CHRISTOPHER SURFIELD, PERSONALLY AND IN HIS
CAPACITY AS ASSOCIATE PROFESSOR, REVIEW
COMMITTEE CHAIR, AND SVSUFA OFFICER;
**STEWART FRENCH**, PERSONALLY AND IN HIS
CAPACITY AS PROFESSOR AT SAGINAW VALLEY
STATE UNIVERSITY AND OFFICIAL ON THE
EXECUTIVE BOARD OF THE SAGINAW VALLEY
STATE UNIVERSITY FACULTY ASSOCIATION; **SAUN
STROBEL** IN HER CAPACITY AS THE UNI-SERV
DIRECTOR FOR THE MICHIGAN EDUCATION
ASSOCIATION FOR SAGINAW VALLEY STATE
UNIVERSITY; JOHN DOE AND JANE DOE
PERSONALLY AND IN THEIR CAPACITY AS
EMPLOYEES OF SAGINAW VALLEY STATE
UNIVERSITY; AND **SAGINAW VALLEY STATE
UNIVERSITY**; AND SAGINAW VALLEY STATE
UNIVERSITY FACULTY ASSOCIATION

Defendants.

Case:2:14-cv-14122
Judge: Murphy, Stephen J.
MJ: Whalen, R. Steven
Filed: 10-27-2014 At 12:25 PM
CMP R.L. ROSS V DONALD BACHARD, ET
AL (LG)

## COMPLAINT AND DEMAND FOR JURY TRIAL

1

Now comes Plaintiff R.L. Ross, by and through herself, as a Pro Se Litigant and complains against Defendants as follows:

## SUMMARY OF COMPLAINT

This is an action for breach of the collective bargaining agreement ("CBA") between Saginaw Valley State University ("SVSU") and the Saginaw Valley State University Faculty Association ("SVSUFA") and the Michigan Education Association ("MEA") under 29 U.S.C. § 158 and 185(a) (1982) [hereinafter § 301]; breach of duty of fair representation; denial of procedural due process under 42 USC 1983 under the 4th and 14th Amendments; and section 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. Sec. 412 (1982);violation of the Employee Retirement Income Security Act of 1974 ("ERISA") §502(a)(1)(B), §403, §457, 29 U.S.C. § 1132(a)(1)(b) 29 C.F.R. § 2560.503-1(m); denial of substantive due process and wrongful takings of property and liberty; wrongful discharge; retaliatory actions and discharge in violation of public policy; imposition of a hostile work environment; tortious interference with contract; civil conspiracy; invasion of privacy; intrusion into seclusion; false light; promissory estoppel; negligent breach of implied contract; fraud; silent fraud; misrepresentation; intentional infliction of emotional distress; negligent infliction of emotional distress; abuse of privilege and malice; compelled self defamation; and other claims that come to light following discovery and Plaintiff's consultation with employment and litigation experts.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this case under Section 301 of the Labor Management Relations act of 1947, 29 U.S.C. § 158 and 185(a); the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended. *See,* Vaca v. Sipes, 386 U.S. 171 (1967).

2.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure.

3.  This claim is being filed within six months of the time Plaintiff was notified, on April 26, 2014, that the SVSUFA and MEA denied Plaintiff's appeal request to file a grievance under the CBA. Therefore this complaint is timely filed.

4.  Plaintiff is a resident of southeastern Michigan.

5.  All Defendants are residents or other entities residing or headquartered in the eastern district of Michigan.

## PARTIES

6.  Plaintiff R.L. Ross was an Assistant Professor at SVSU from January 2008 through June 30, 2013.

7.  Defendant Donald Bachand was the Provost at SVSU from 2010 through June 30, 2013 and Vice President of Academic Affairs from 2006 through June 30, 2013.

8.  Defendant Bachand knowingly and intentionally conspired with Defendant Wetmore and other SVSU faculty, employees, and SVSUFA and MEA union officials to wrongfully influence the PPC's tenure decisions for the Plaintiff; acted to place Plaintiff in false light; conspired with other Defendants and faculty members to harm plaintiff and tortiously interfered with Plaintiff's contractual relationship with SVSU; created a hostile work environment; took retaliatory and discriminatory actions against Plaintiff; fraudulently misrepresented allegations that were harmful to the Plaintiff; abuse of privilege and malice; and negligent and intentional infliction of emotional distress

9. Defendant Jill Wetmore was a Professor in the Department of Law and Finance at SVSU's College of Business and Management ("CBM") from January 2008 through 2010 and Dean of the CBM from 2010 through June 30, 2010.

10. Defendant Wetmore, personally and as Dean of the CBM knowingly and with malice acted to appoint persons to Plaintiff's review committees for the purpose of providing a negative review for the Plaintiff – regardless of the Plaintiff's actual performance.

    A. Defendant Wetmore was a member of the SVSU/SVSUFA Professional Practices Committee (PPC) and acted to intentionally, and with malice, to wrongfully influence the PPC's tenure decisions for the Plaintiff.

    B. Defendant Wetmore acted with hostility and malice towards Plaintiff for reasons unrelated to the Plaintiff's performance as an Assistant Professor.

        1. Plaintiff received positive reviews prior to Defendant Wetmore becoming Dean in 2010.

        2. Upon becoming Dean in 2010, Defendant Wetmore personally selected the members of the Plaintiff's review committees.

        3. After Defendant Wetmore became Dean in 2010, the Plaintiff suddenly started receiving negative comments in reviews from Defendant Wetmore's handpicked review committee members.

        4. Defendant Wetmore's comments about Plaintiff were consistently false and misleading even though Plaintiff provided responses to Defendant Wetmore's inaccurate and malicious reviews.

        5. Other faculty, including Mark McCartney, who had previously provided positive comments about Plaintiff's performance subsequently began to

*Ross v. Saginaw Valley State University*

provide negative comments after Defendant Wetmore became Dean in 2010.

6. Defendant Wetmore placed Plaintiff in false light with numerous students and colleagues.

7. Defendant Wetmore's direct and coordinated negative reviews are in direct contrast to the previous reviews received by Plaintiff under Wetmore's predecessor and in direct contrast to the overwhelmingly positive reviews by the Plaintiff's Department and students in Plaintiff's courses.

C. Defendant Wetmore knowingly, intentionally, and with malice: acted to place Plaintiff in false light; conspired with other Defendants and faculty members to harm plaintiff and tortiously interfered with Plaintiff's contractual relationship with SVSU; created a hostile work environment; took retaliatory and discriminatory actions against Plaintiff; fraudulently misrepresented allegations that were harmful to the Plaintiff; abuse of privilege and malice; and negligent and intentional infliction of emotional distress.

11. Defendant Deborah Bishop was a faculty member during the Plaintiff's term of employment at SVSU, Chair of Plaintiff's 2010-2011 pre-tenure review committee, and an officer of the SVSUFA.

12. Defendant Bishop knowingly, intentionally, and with malice: acted to place Plaintiff in false light; conspired with other Defendants and faculty members to harm plaintiff and tortiously interfered with Plaintiff's contractual relationship with SVSU; created a hostile work environment; took retaliatory and discriminatory actions against Plaintiff; fraudulently misrepresented allegations that were harmful to the Plaintiff; abuse of privilege and malice; and negligent and intentional infliction of emotional distress.

*... Ross v. Saginaw Valley State University*

13. Defendant Robert Lane was a faculty member and the President of the SVSUFA between January 2008 and June 2013.

    A. Defendant Lane purported to represent Plaintiff as a Union Representative during a meeting with Plaintiff's 2010 – 2011 review committee and Defendant Wetmore when in fact Defendant Lane's actions were merely pretextual and instead Defendant Lane's actions were directly, intentionally, and with malice intended to harm the Plaintiff and instead support Defendant Wetmore, Bangert, Bishop, and Bachand and thereby in breach of Defendant Lane's duty of fair representation.

    B. Following Plaintiff's July 3, 2013 submittal of additional grievances against SVSU, Defendant Lane, as President of SVSUFA, issued an email response to Defendant Strobel expressing hostility and malice toward Plaintiff's grievances and thereby Defendant Lane breached his duty of fair representation.

14. Defendant Shaun Bangert was a faculty member of SVSU and Vice President of the SVSUFA when Plaintiff filed grievances against SVSU in May of 2013. Defendant Bangert was President of the SVSUFA on July 3, 2013 when Plaintiff filed additional grievances against SVSU.

15. Defendant Bangert purported to represent Plaintiff's interests on behalf of the SVSUFA when Plaintiff filed grievances in May and July 2013.

16. Defendant Bangert was a member of the Plaintiff's 2010-2011 evaluation team and therefore had a direct conflict of interest and should have been precluded from purporting to represent Plaintiff's interests during the grievance procedure.

17. Plantiff was aware of the hostility and malice of Defendant Bangert towards the Plaintiff at a meeting with Defendants Bangert and Strobel on May 7, 2013 and Plaintiff informed

_ *Ross v. Saginaw Valley State University*

Defendant Strobel that Defendant Bangert had a conflict of interest and should not participate in any of the decision-making related to Plaintiff's grievances.

    A. Defendant Bangert not only participated in the SVSUFA (pretextual) deliberations regarding Plaintiff's grievances as well as being present and imposing unfair influence over the SVSUFA determination on Plaintiff's appeal of the original SVSUFA decision not to support Plaintiff's grievances.

    B. Defendant Bangert knowingly, intentionally, and with malice: acted to place Plaintiff in false light; conspired with other Defendants and faculty members to harm plaintiff and tortiously interfere with Plaintiff's contractual relationship with SVSU; created a hostile work environment; took retaliatory and discriminatory actions against Plaintiff; fraudulently misrepresented allegations that were harmful to the Plaintiff; abuse of privilege and malice; and imposed negligent and intentional infliction of emotional distress.

18. Defendant Stewart French is a faculty member at SVSU, was on the Plaintiff's 2012 – 2013 review committee and an official on the SVSUFA Executive Board.

    A. Defendant French's hostility, animus, and malice towards Plaintiff was palpable during Plaintiff's encounters with him during the 2012-2-13 review process as well as at the January 17, 2014 SVSUFA Executive Board meeting wherein the SVSUFA decided not to pursue Plaintiff's grievances.

    B. Defendant French's hostility, animus, and malice towards Plaintiff was so overt as to taint any decision made by the Executive Committee with respect to Plaintiff's grievances following the meeting on January 17, 2014.

    C. Defendant French, formally or informally, participated or influenced the SVSUFA

Executive Committee determination not to pursue Plaintiff's grievances even though

it was a direct conflict of interest and his bias precluded any consideration of fair

representation.

19. Defendant Saun Strobel is the Uniserv Director of MEA for the SVSUFA. Defendant

Strobel knowingly, intentionally, and with malice: acted to place Plaintiff in false light;

conspired with other Defendants and faculty members to harm plaintiff and tortiously

interfere with Plaintiff's contractual relationship with SVSU; failed to fairly represent

Plaintiff and Plaintiff's grievances; and acted in a manner so as to negligently and

intentionally inflict emotional distress on the Plaintiff.

20. Defendant Christopher Surfield was a faculty member in the CBM at all times from January

2008 through June 2013. Defendant Surfield was an elected official with the SVSUFA

during at least a portion of this time and as such wrongfully influenced the SVSUFA

Executive Board's determination not to pursue Plaintiff's grievances. Defendant Surfield

was chair of the Plaintiff's 2011 – 2012 review committee and knowingly, intentionally, and

with malice: acted to place Plaintiff in false light; conspired with other Defendants and

faculty members to harm plaintiff and tortiously interfere with Plaintiff's contractual

relationship with SVSU; created a hostile work environment; took retaliatory and

discriminatory actions against Plaintiff; stalked Plaintiff and took photographs of Plaintiff,

Plaintiff's office, and Plaintiff's classrooms; fraudulently misrepresented allegations that

were harmful to the Plaintiff; abuse of privilege and malice; and negligent and intentional

infliction of emotional distress.

21. Defendants SVSUFA and MEA Defendant is a labor organization within the meaning of the

NLRA, 29 U.S.C. § 152(5), and represents employees in an industry affecting commerce

within the meaning of the NLRA.

22. Defendant SVSU is a state chartered University within the State of Michigan.

## BACKGROUND FACTS AND ALLEGATIONS

23. Plaintiff was employed by SVSU in the CBM as an Assistant Professor from January 2008 through June 30, 2013.

24. Plaintiff consistently received overwhelmingly positive reviews from Plaintiff's Department from January 2008 through June 30, 2013.

25. Plaintiff consistently received exceptionally high evaluations from students between January 2008 and June 30, 2013.

26. After Defendant Wetmore became the Dean of the CBM, Plaintiff began to unexplainedly be subject by Defendant Wetmore to an adverse, hostile, discriminatory, retaliatory, and distressing work environment.

27. The hostility and discriminatory and retaliatory work environment only got worse after the Plaintiff notified Defendant Wetmore and Defendant SVSU that Plaintiff suffered from a severe disability.

28. When Plaintiff requested the Defendant Wetmore appoint Plaintiff to various committees, Defendant Wetmore ignored such requests and instead wrote comments in Plaintiff's record falsely indicating that Plaintiff was not providing adequate service to SVSU.

29. Defendants materially breached the CBA by: failing to provide appropriate notice to Plaintiff under Section H.2.1.2; failing to follow the CBA provisions under Section H for correction plans; failing to follow the CBA provisions for notification of nonrenewal of contract under Section H.2.1.2; failure to follow the clear CBA provisions for termination under Section H;

imposing an accelerated tenure review contrary to the clear language of the CBA; failing to follow the procedures set forth in the CBA for review of pre-tenure candidates; and for judging the Plaintiff's performance based on arbitrary and capricious criteria instead of the criteria set forth in the CBA; and for failing to provide Plaintiff due process and a hearing when requested by Plaintiff in accordance with the CBA.

30. Defendants breached the CBA by failing to follow the procedures and substantive requirements for reviews of the Plaintiff for academic year 2010 – 2011, 2011 – 2012, and 2012 – 2013.

31. Defendants breached the CBA by failing to follow the procedures and substantive requirements for evaluation, PPC review, tenure review, and termination.

32. Defendants breached the CBA by failing to provide independent and unbiased reviews of Plaintiff's performance in accordance with the criteria set forth in the CBA.

33. Defendants malice and animus towards Plaintiff resulted in harm to the Plaintiff.

34. Plaintiff requested a hearing in front of the PPC in March 2013 but Defendants never responded and never provided an opportunity for a hearing.

35. Instead of violating the CBA by submitting what should have been a correction plan review in 2012 to the PPC for tenure review, according to the terms of the CBA, Plaintiff's first tenure review should have been conducted during the 2012 – 2013 academic year.

36. In accordance with the CBA, Plaintiff's second tenure review should have been conducted during the 2013 – 2014 academic year, but instead the Defendants breached the contract and terminated the Plaintiff on June 28, 2013, effective June 30, 2014.

37. Plaintiff promptly filed a grievance with the SVSUFA on May 1, 2013 upon notice that Defendants had breached the contract by accelerating Plaintiff's tenure reviews.

38. Immediately following Plaintiff's request to SVSUFA to file a grievance on May 1, 2013, Defendants SVSU and Bachand commenced an investigation into Plaintiff's private life in an attempt to intimidate Plaintiff into dropping the grievance.

39. Defendant SVSUFA and Strobel allegedly submitted a grievance to Defendants SVSU and Bachand on June 21, 2013.

40. In response to Plaintiff's grievance, Defendant Bachand, with malice and animus, attempted to intimidate, harass, and retaliate against Plaintiff by intentionally and blatantly breaching the CBA by sending Plaintiff a letter on the afternoon of June 28, 2013 informing Plaintiff that Plaintiff was being immediately terminated, in direct contravention of the CBA's prohibition of immediate termination except in cases the faculty member committed a crime or tort.

   A. Plaintiff was immediately terminated even though Plaintiff did not commit any such tort or crime.

   B. Plaintiff's immediate termination was extraordinary in that it so blatantly violated the provisions of the CBA as well as in light of the fact that another faculty member, Robert Thaler, who was convicted of possessing child pornography on his SVSU computer was not only not terminated immediately, but instead was allowed to resign.

41. As further evidence of malice, animus, hostility, and wrongful actions by Defendants, SVSU backdated Plaintiff's discharge to June 15, 2013 and therefore failed to pay Plaintiff for the full 2012 – 2013 academic year which ended on August 24, 2013.

   A. Defendants SVSU and Bachand action to stop paying Plaintiff's salary on June 15 rather than on the contractual date of August 24, 2013, per the CBA, resulted in a taking of an effective 15.4% reduction in Plaintiff's salary.

B. Defendants SVSU and Bachand also stopped paying Plaintiff's benefits, including
ERISA and health insurance as of June 15, 2013 although the CBA calls for such
payments to have been made until at least August 24, 2013.

42. Plaintiff was notified on April 26, 2014, by the President of the Saginaw Valley State
University Faculty Association President, Shaun Bangert, that Plaintiff's appeal of the
SVSUFA's denial to file a grievance on behalf of plaintiff had been denied.  This cause of
action is timely as it is being filed within six months of the time the Plaintiff the employee
knew or should have known of the union's final action or should have known of the
employer's final action, whichever occurs later." See _Robinson v. Central Brass_
_Manufacturing Co.,987 F.2d 1235, 1239 (6th Cir. 1993)_ (recognizing that a six month statute
of limitations applies to LMRA claims); see also _DelCostello v. International Bhd. of_
_Teamsters, 462 U.S. 151, 171 (1983)_.

## COUNT 1.     BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

43. The allegations of each of the preceding paragraphs are realleged and incorporated herein by
reference.

44. Defendant SVSU breached the CBA in substantive and material ways that irreparably
harmed the Plaintiff.

45. Defendant's Bachand, Wetmore, and SVSU breached the substantive terms of the CBA by
unilaterally deciding to ignore the provisions related to correction plans and correction plan
reviews under Section H of the CBA and to instead negate and render moot those contractual
provisions by instead using Plaintiff's correction plan as a basis for denying tenure.

*.. Ross v. Saginaw Valley State University*

---

    A.     There are no provisions in the CBA allowing for a correction plan to be used as the basis for denial of tenure.

46. After receiving an evaluation report on May 23, 2012 that clearly exceeded the scope of the Plaintiff's correction plan, in direct contradiction to the provisions of the CBA which provides for a separate process for correction plans, Plaintiff submitted a response memo dated June 12, 2012 to Defendant Surfield and Defendant Wetmore and the remainder of the review committee as well as the Human Resource Director, Jack VanHoorebeke, that the use of the correction plan as a mechanism for review of tenure by the PPC was directly contrary to the plain language of the CBA.

    A.  Plaintiff received no response to the June 12, 2012 response memo.

    B.  Instead, Plaintiff received notice from Defendant Bachand in August 2012 that the Plaintiff's correction plan had been used as a basis for denying tenure.

47. Defendant recognized the Plaintiff's claims for breach of the CBA by very specifically and precisely changing the language of the CBA in the sections addressed by the Plaintiff in correspondence to the various review committees, the Dean, the Provost, the Vice President of Academic Affairs, SVSUFA, MEA, and SVSU. Specifically, SVSU and the SVSUFA and MEA made the following changes in the first CBA subsequent to Plaintiff's notification to the parties of the various contractual breaches:

    A.  Defendants SVSUFA, MEA, and SVSU modified the CBA which was ratified by the SVSUFA and MEA and put in place on July 1, 2014.

    B.  Defendants breached the CBA by failing to follow the clear language of H. 2.2.6 that provided "The faculty member will submit by March 10 . . . to the evaluation team, respective department chairperson, and respective dean a plan to correct the

*Ross v. Saginaw Valley State University*

---

inadequacies. Failure to submit such a plan shall be sufficient cause for non-renewal of contract regardless of date."

1. Plaintiff timely filed a correction plan on March 10, 2011.

2. Plaintiff met as requested with Defendants Lane, Bangert, Wetmore, and Bishop as well as Plaintiff's chairperson, Wayne Mackie and Professor Hong in April 2011 to discuss the correction plan as required by H.2.2.8 of the CBA.

3. Defendants Wetmore and Bishop were openly hostile to Plaintiff at the H.2.2.8 meeting. Defendant Bangert specifically stated that the evaluation team was not saying the Plaintiff was a bad teacher but instead that the Plaintiff was supposed to "be around more" on campus – even though there is no such contractual requirement.

4. Within 30 minutes following the H.2.2.8 meeting, in the hallway between Plaintiff and Professor Hong's office, Professor Hong stated that Plaintiff just 'needed to be in the office more'.

5. The statements by Professor Hong and Defendant Bangert indicate that the Plaintiff was being judged on criteria that was not in the CBA but instead was based on some personal preference by Defendants Wetmore, Bangert, and Bishop.

6. The concept that the Plaintiff was, and continued to be, judged on criteria outside of the CBA is also evidenced by Defendant Wetmore's September 28, 2012 Individual Evaulation Report ("IER") of the Plaintiff which stated "The department and evaluation teams consider her campus visibility to be

inadequate." There was no requirement in the CBA for the Plaintiff to meet any requirements for "campus visibility". (Note that Defendant Wetmore's substantive complaint about Plaintiff's performance in the same IER was merely that "The slides in one class were marked with "random capitalization and grammatical errors".)

48. Section H.2.2.8 of the CBA specified that the correction plan was to be incorporated in the evaluation record of the Plaintiff and that "the correction plan will be evaluated by the next year's evaluation team. If no evaluation team is normally scheduled for the next year, a special team shall be appointed as provided in H.2.2.1." SVSU failed to appoint an evaluation team per H.2.2.8 and H.2.2.1 and instead appointed a first year tenure review team in direct contradiction to the clear language of the CBA.

49. Section H.2.2.9 of the CBA, titled "New Evaluation" states that following the "Review Meeting" required by H.2.2.8, and "in which a correction plan has been established, an evaluation team shall undertake a re-evaluation which shall be completed by January 30 of the next appointment year. The re-evaluation shall be based solely upon the plan for correction." SVSU failed to conduct an evaluation "based solely upon the plan for correction" as required by Section H.2.2.9 of the CBA and instead conducted a wide ranging evaluation, directly contrary to the provisions of the CBA, and most importantly, instead of a correction plan review, SVSU unilaterally converted the 2011-2012 review into a first tenure review by the PPC.

   A. There is no CBA provision allowing for a correction plan evaluation to be converted to a first tenure review and thus SVSU's actions were a clear and material breach of the CBA.

B. SVSU has not presented any evidence that any other similarly situated faculty had a correction plan considered for their first tenure review.

C. After Plaintiff raised informed SVSU and SVSUFA that treating a correction plan as the basis for a tenure review was in violation of the CBA, SVSU and SVSUFA/MEA conspired to modify the CBA such that the version effective on July 1, 2014 contains different provisions for correction plans and now does not allow pre-tenure faculty to even submit correction plans. This represents a substantive and material change to the CBA.

D. The fact that Defendants changed the CBA following Plaintiff pointing out how the Defendants breached the CBA is evidence that the Defendants are aware of their intentional breach.

50. The CBA mandates that faculty be notified by November 1st of the academic year that their contract will not be renewed for any subsequent academic years. According to the CBA, to terminate Plaintiff by June 2013, Plaintiff should have been notified by November 1, 2011, that Plaintiff's contract would not be renewed. Plaintiff did not receive any such notification. The only notification received was on June 28, 2013 that Plaintiff was being immediately terminated. SVSU has not treated other faculty similarly. This is a clear, blatant, and malicious breach of the CBA.

51. The CBA mandates that pre-tenure faculty be granted a terminal year after being denied tenure for the second time. Defendants SVSU and Bachand unilaterally denied that opportunity to Plaintiff in violation of the CBA.

52. Defendants SVSU and Bachand wantonly, willfully, knowingly, and maliciously breached the CBA to the detriment of the Plaintiff.

*Ross v. Saginaw Valley State University*

### COUNT 2. BREACH OF DUTY OF FAIR REPRESENTATION

53. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

54. The SVSUFA and MEA failed in their duty of fair representation by failing to take any substantive and material steps to pursue Plaintiff's grievances against SVSU.

    A.    Section K of the SVSUFA CBA provides an extensive array of grievance procedures including informal presentation of grievances, presenting the grievance to the Vice President of Academic Affairs, and finally to a grievance resolution committee.

    B.    The SVSUFA and MEA failed to take any of the aforementioned steps to pursue the Plaintiff's grievance.

    C.    Plaintiff was presented with no evidence that the SVSUFA or MEA even investigated the Plaintiff's grievances or their merit. Nor did SVSUFA or MEA present Plaintiff with any evidence of a reasoned or rational basis for the decision not to pursue any of Plaintiff's grievances.

55. The SVSUFA and MEA knowingly allowed SVSU to clearly, blatantly, and materially breach the CBA to the detriment of the Plaintiff.

56. The SVSUFA and MEA allowed the same parties that sat on Plaintiff's review committees to participate, formally or informally, and influence, formally or informally, their determinations not to pursue Plaintiff's grievances.

    A. Defendant Robert Lane, as President of SVSUFA, had a conflict of interest and did not represent Plaintiff's best interests in any respect.

        1. Representing SVSUFA, Defendant Lane attended the Plaintiff's correction

plan review meeting in April 2011.

2. Defendant Lane failed then and at all times afterward to advocate for the Plaintiff's interest in having SVSU follow the terms of the CBA regarding the correction plan.

3. Even though Defendant Lane was notified by Defendant Bachand in September 2011 (before the Plaintiff was notified) that SVSU planned to unilaterally negate and make moot the provisions of the CBA related to the correction plan, Defendant Lane and the SVSUFA and MEA took no actions to notify Plaintiff and took no action to represent Plaintiff's interests regarding SVSU's intent to wrongfully skip the correction plan provisions of the CBA.

B. Defendant Shaun Bangert was a member of the Plaintiff's 2011 – 2011 review team and an officer with the SVSUFA.

1. Defendant Bangert was present at Plaintiff's first meeting with Defendants MEA and Strobel on May 7, 2014.

2. Defendant Bangert became President of SVSUFA on July 1, 2013 and therefore was the chair of the Executive Committee which is the same Committee that decided not to pursue Plaintiff's grievance.

3. Defendant Bangert was present at Plaintiff's meeting with the SVSUFA Executive Board meeting on January 17, 2014 and was clearly influencing the Executive Board's decision not to support Plaintiff's grievances.

4. Defendant Bangert had a clear conflict of interest and her bias unfairly, and maliciously influenced SVSUFA's and MEA's determinations not to pursue

Plaintiff's grievances and thus constitute a breach of the duty of fair representation.

C. Defendant Bishop was the chair of Plaintiff's 2010 – 2011 review committee and an officer with the SVSUFA at the time.

1. Defendant Bishop had

57. The SVSUFA and MEA ~~violated~~ their duty of fair representation by ~~treating~~ the plaintiff with hostility, discrimination, arbitrarily, dishonestly, and in bad faith. ("When a labor organization has been selected as the exclusive representative of the employees in a bargaining unit, it has a duty . . . to represent all members fairly." Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998).) ("The exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." (Humphrey v. Moore, 375 U.S. 335, 55 LRRM 2031 (1964)). Also, "A breach of the statutory duty of fair representation occurs only when a Union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." (Vaca v. Sipes, 386 U.S. 171,190, 64 LRRM 2369, 2376 (1967).)

58. The failure of SVSUFA and MEA to provide fair representation to the Plaintiff was, more likely than not, tainted because the union handled the proceeding in bad faith, arbitrarily, dishonestly, and in a discriminatory manner. Vaca; Ruzicka v GMC, 649 F2d 1207 (6th Cir), on remand, 519 F Supp 893 (ED Mich 1981), aff'd, 707 F2d 259 (6th Cir 1983).

59. Many of the same persons who served on the Plaintiff's pre-tenure and tenure review committees and whom recommended the plaintiff not be granted tenure also serve on the

SVSUFA/MEA committees – including the Executive Board – which is the body responsible

for the SVSUFA/MEA decision to not pursue the Plaintiff's grievances as filed in May 2013,

June 2013, and July 2013. As such, the SVSUFA/MEA actions constituted behavior so far

outside a wide range of reasonableness as to be irrational. ("A union's actions are arbitrary

only if, in light of the factual and legal landscape at the time of the union's actions, the union's

behavior is so far outside a 'wide range of reasonableness,' as to be irrational." *Spellacy v.*

*Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 129 (2d Cir. 1998). )

60. Following SVSU's egregious actions on June 28, 2013 to immediately terminate Plaintiff –
    contrary to the clear language of the CBA – Plaintiff submitted a list of grievances to the
    SVSUFA/MEA through their agents Shaun Bangert, President and Saun Strobel.

61. During a meeting on Tuesday, May 7, 2013, between Plaintiff and Shaun Bangert and Saun
    Strobel at the MEA offices, Bangert averred that she had knowledge that SVSU was going to
    be treating Plaintiff differently than other faculty members that had previously been denied
    tenure. Bangert stated something along the lines of "PPC review…but I know that
    something else is going to happen, just because, well, I know" which indicates that the
    President of the SVSUFA had knowledge that SVSU intended to treat the Plaintiff
    differently, with hostility, discriminatory intent, and with malice. Defendant Bangert refused
    to disclose anymore to the Plaintiff.

62. Given that Defendant Bangert served on the Plaintiff's 2010 – 2011 pre-tenure review
    committee, the SVSUFA and MEA's assignment of Bangert to represent the Plaintiff's
    grievances is a clear and direct conflict of interest.

63. Shortly after Plaintiff submitted the list of grievances to the SVSUFA/MEA, Robert Lane,
    Past President of SVSUFA sent an email to Saun Strobel arguing that the SVSUFA should

*, v. Saginaw Valley State University*

not consider the Plaintiff's grievances.

64. During a meeting in August 2013, Saun Strobel acknowledged that Plaintiff had a strong and meritorious basis for a grievance due to SVSU's breach of contract for failure to provide notice by November 1, 2012 to Plaintiff in accordance with the CBA.

65. The SVSUFA and MEA failed to not only follow the grievance procedure contained in the CBA, the SVSUFA and MEA failed to even approach SVSU with Plaintiff's grievances and thereby failed to perform even ministerial acts on the Plaintiff's behalf. ("A Union breaches its duty if it fails to perform ministerial acts on a grievant's behalf.", Zuniga v. United Can Co., 812 F.2d 443, 124 LRRM 2888 (9th Cir. 1987).)

66. The SVSUFA and MEA also failed to follow the informal dispute resolution provisions of the CBA by not engaging in any form of information dispute resolution on behalf of the Plaintiff.

67. The SVSUFA and MEA's failure to act in a timely fashion on Plaintiff's grievances violate the duty of Fair Representation by precluding grievant from seeking remedies through alternate means and forums. (Failure to notify grievant that grievance has been dropped may violate Duty of Fair Representation because failure may preclude grievant from seeking an alternative forum. Willets v. Ford Motor Co., 583 F.2d 852, 99 LRRM 2399 (6th Cir. 1978).)

68. Plaintiff filed grievance with SVSUFA and MEA on May 1, 2013. SVSUFA and MEA did not respond to Plaintiff until a letter dated September 30, 2013 stated that the SVSUFA decided not to pursue arbitration on Plaintiff's behalf. This means it was over 5 months between the time Plaintiff filed the grievance and the SVSUFA even bothered to respond to Plaintiff.

69. Plaintiff then filed an appeal of the SVSUFA's decision not to arbitrate on October 29, 2013

and subsequently Plaintiff spoke at the SVSUFA January 17, 2014 Executive Committee

Meeting on the SVSU campus. The SVSUFA did not even bother to notify the Plaintiff as to

the Executive Committee's decision to deny the appeal until a week (April 26, 2014) after

being prodded by the Plaintiff by email on April 20, 2014 to disclose the SVSUFA decision.

This lack of candor and diligent pursuit of the Plaintiff's grievances is evidence of the

SVSUFA and MEA's hostility, bias, malice, and actions taken in bad faith against the

Plaintiff. ("Actions taken in bad faith violate the Duty of Fair Representation." Lewis v.

Tuscan Dairy Farms, 25 F.3d 1138, 146 LRRM 2601 (2d Cir. 1994).)

70. The SVSUFA and MEA's clear breach of the duty of fair representation constitutes an unfair

and invidious labor practice. ("The National Labor Relations Board held that a Union's

breach of the duty of fair representation may constitute an unfair labor practice under Section

8(b)(1)(A) of National Labor Relations Act, since Section 7 of the Act gives employees the

right to be free from unfair or invidious treatment by their exclusive representative. Miranda

Fuel Co., 140 NLRB 181, 51 LRRM 1584 (1962), enf, denied, 326 F.2d 172, 54 LRRM 2715

(2d Cir. 1963). 9 CH1 11001397.1. See also, Graphic Communication Workers Local 388

& District 2, 287 NLRB 1128, 128 LRRM 1176 (1988).)

71. During a meeting on _____ Defendant Strobel stated that the reason the review

committees and the SVSUFA would not support Plaintiff's grievances were not due to the

Plaintiff's inadequate job performance, but instead was because the Plaintiff did not "play

along".

72. In September 2013, SVSUFA/MEA notified the Plaintiff that the SVSUFA/MEA would not

pursue Plaintiff's grievances.

73. Plaintiff timely appealed SVSUFA/MEA's determination not to pursue grievances in October

*s v. Saginaw Valley State University*

2013.

74. On January 17, 2014, Plaintiff was invited to the SVSUFA Executive Board meeting on the

SVSU campus to appeal, in person, the SVSUFA Executive Board's decision not to pursue

the Plaintiff's grievance. At that meeting were numerous faculty members who also sat on

the Plaintiff's review committees. Those faculty members, including Stewart French,

Deborah Bishop, Shaun Bangert, and Christopher Surfield were openly hostile to the Plaintiff

and clearly able to sway the Executive Board's decision to deny Plaintiff's appeal.

75. Serving on the Plaintiff's review committee and being formally or informally involved in the

SVSUFA Executive Board's decision to deny the Plaintiff's grievance and the Plaintiff's

appeal of such denial is a conflict of interest that taints the SVSUFA's ability to make an

informed and unbiased decision regarding Plaintiff's grievances.

    A.    Serving on the Plaintiff's review committee and being formally or informally

    involved in the SVSUFA Executive Board's decision to deny the Plaintiff's grievance

    and the Plaintiff's subsequent appeal of such denial due to personal animus, hostility and

    malice poison the SVSUFA's decision-making process making it discriminatory,

    arbitrary, and irrational.

76. The SVSUFA failed to provide the Plaintiff with any analysis regarding the merits of

Plaintiff's grievances and was merely handling the grievance in a "perfunctory manner, with

caprice" and without "rational explanation". (Poole v. Budd Co., 706 F.2d 181, 183 (6th Cir.

1983) (citing Vaca v. Sipes, 386 U.S. 171, 190 (1967)) (internal quotations omitted). This

Court has found conduct arbitrary where a union "handles a grievance in a 'perfunctory'

manner, with caprice or without rational explanation.")

*ıss v. Saginaw Valley State University*

## COUNT 3. DENIAL OF DUE PROCESS AND TAKING OF LIBERTY AND PROPERTY INTERESTS

77. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

78. On March 20, 2013, Plaintiff submitted a memo to Defendant Bachand, Provost and Vice President of Academic Affairs, titled "H 2.2.3 Appeal to PPC of the Evaluation Record and for Gross Deficiencies in the Substantive and Procedural Aspects of the Evaluation" wherein the Plaintiff specified the errors in the evaluation report(s) as well as the various procedural and substantive breaches of the CBA by SVSU. Plaintiff never received a response and was never allowed a hearing or the right to comment to the PPC or any other committee or Officer of SVSU.

79. SVSU's denial of Plaintiff's right to notice and hearing constitutes a violation of due process under the 5th Amendment, the 14th Amendment, and 43 U.S.C. § 1983.

80. Defendants SVSU and Bachand's actions to immediately terminate Plaintiff constituted a denial of due process and a deprivation of liberty and property rights in direct contravention to the CBA.

## COUNT 4. WRONGFUL DISCHARGE

81. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

82. Plaintiff had a legitimate expectation that Defendants would follow the provisions of the CBA

83. Defendants failure to follow the CBA resulted in the Plaintiff being unfairly targeted,

*Saginaw Valley State University*

discriminated against, retaliated against, and treated with hostility, animus, and malice.

84. Defendants failure to follow the CBA resulted in the Plaintiff being reviewed based on predetermined, erroneous, and bias criteria that are not in the CBA.

85. Defendants failure to follow the CBA resulted in the Plaintiff being denied tenure.

86. Defendants failure to follow the CBA resulted in the Plaintiff being terminated immediately contrary to the plain language of the CBA.

## COUNT 5. RETALIATORY ACTIONS AND DISCHARGE IN VIOLATION OF PUBLIC POLICY

87. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

88. The CBA provides that pre-tenure faculty that are denied tenure the second time are granted a terminal year of employment and their contract is thereafter not renewed.

89. Defendant SVSU and Bachand breached the CBA by unilaterally ignoring the provisions of the CBA regarding review of correction plans and thereby accelerated Plaintiff's tenure reviews in violation of the CBA.

90. Defendant SVSU and Bachand breached the CBA by not granting Plaintiff a terminal year in accordance with the CBA.

91. Defendants SVSU and Bachand breached the CBA by immediately terminating Plaintiff on June 28, 2013 in violation of the CBA's provisions limiting immediate termination.

92. Defendants SVSU and Bachand's actions to deny Plaintiff a terminal year as well as to immediately terminate Plaintiff constitute retaliatory discharge in violation of the CBA and public policy.

. *Saginaw Valley State University*

COUNT 6.    IMPOSITION OF A HOSTILE WORK ENVIRONMENT

93. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

94. Upon becoming Dean in 2010, Defendant Wetmore commenced a pattern and practice of behavior targeting Plaintiff. Defendant Wetmore's actions became even more hostile, more malicious, more discriminatory, and more retaliatory after the Plaintiff disclosed in November 2011 that the Plaintiff suffered a severe and persistent disability.

95. In August 2011, Defendant Wetmore scheduled the Plaintiff to teach 18 credit hours of class during Fall 2011 even though the course load for 2 full semesters is only 24 credit hours.

96. In August 2011, Defendant Wetmore schedule the Plaintiff to create and teach an entirely new graduate course out of whole cloth without granting Plaintiff any release time as provided for under Section D7 without the Plaintiff's written consent under the CBA.

97. Defendant Bachand was well aware of the hostile work environment being suffered by Plaintiff as Plaintiff described the difficulties Plaintiff was encountering in August 2011.

COUNT 7.    TORTIOUS INTERFERENCE WITH CONTRACT

98. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

99. The Restatement (Second) of Torts §766 provides "One who intentiaonlally and improperly interferes with the performance of a contract … between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract."

_____

> 1. Defendants Bachand, Bangert, Lane, Bishop, Wetmore and Surfield acted in concert to tortiously interfere with the fair administration of the CBA with animus and malice and intent to harm Plaintiff's employment relationship with SVSU.

## COUNT 8.   CIVIL CONSPIRACY

101.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

102.   Defendants Wetmore, Bishop, Bangert, and Surfield intentionally and with malice conspired by concerted action to place false allegations and statements in Plaintiff's evaluations for the purpose of causing the Plaintiff to be terminated from employment.

103.   Defendants Bangert, Lane, Bishop, Surfield, and Strobel intentionally and with malice conspired by concerted action to deny Plaintiff fair representation by SVSUFA and MEA.

104.   Defendants Wetmore and Bachand intentionally and with malice conspired by concerted action to unilaterally ignore the plain language of the CBA so as to be able to deny tenure to the Plaintiff even though objectively the Plaintiff met the standards of the CBA.

105.   Defendant SVSU, as a whole, was aware of the civil conspiracy to harm Plaintiff and that various Defendants and others would actively pursue actions to wrongfully cause Plaintiff's wrongful discharge.

106.   Defendants actions constitute a civil conspiracy. ("A civil conspiracy is, at its root, "an agreement, or preconceived plan, to do an unlawful act." Bahr v Miller Bros Creamery, 365 Mich 415, 427, 112 NW2d 463 (1961). See also, Fenestra, Inc v Gulf American Land Corp, 377 Mich 565, 593, 141 NW2d 36 (1966); Mays v Three Rivers Rubber Corp, 135 Mich App 42, 48, 352 NW2d 339 (1984).)

COUNT 9. INVASION OF PRIVACY

107. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

108. In anticipation of the Plaintiff filing a grievance against Defendant SVSU, Defendants SVSU and Bachand launched an investigation into Plaintiff's private life which was unlawful and unconstitutional.

## COUNT 10. INTRUSION INTO SECLUSION

109. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

110. Defendants SVSU and Bachands investigation into the private life of Plaintiff was highly offensive and would be objectively highly offensive to a reasonable person. (See, Moore v. Univ. Hospitals of Cleveland Medical Center, 2011 WL 5554272, (N.D.Ohio) "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Sustin v. Fee, 69 Ohio St.2d 143, 431 N.E.2d 992, 993–94 (Ohio 1982).

COUNT 11. FALSE LIGHT

111. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

112. Defendants Wetmore, Bishop, Surfield, Bangert, and French all made harmful, malicious, and knowingly false statements in Plaintiff's review records and PPC file.

.3.     Defendants Wetmore, Bishop, Surfield, Bangert, and French intended such statements to

cause harm to Plaintiff.

114.    Defendants Wetmore, Bishop, Surfield, Bangert, and French were acting with hostility,

animus, and malice

115.    Defendants Wetmore, Bishop, Surfield, Bangert, and French refused to correct any of

their false statements when Plaintiff sent them valid information contradicting their false

statements.

## COUNT 12.   BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

116.    The allegations of each of the preceding paragraphs are realleged and incorporated herein

by reference.

117.    By acting with malice and by unilaterally negating key provisions of the CBA, the

Defendants breached the implied covenant of good faith and fair dealing in contracts.

("When one party performs a contract in a manner that is unfaithful to the purpose of the

contract and the justified expectations of the other party are thus denied, damages may be

awarded against the party who does not act in good faith. Hilton Hotels Corp. v. Butch Lewis

Prods., Inc., 107 Nev. 226, 808 P.2d 919, 923 (1991).)

## COUNT 13.   CONCERT OF ACTION

118.    The allegations of each of the preceding paragraphs are realleged and incorporated herein

by reference.

119.    Defendants individually and jointly committed tortious actions against the Plaintiff,

including but not limited to, tortious interference with contract, false light, intrusion into

*,inaw Valley State University*

seclusion, fraud, infliction of emotional distress, misrepresentation, etc. ("[L]iability attaches for action if two persons commit a tort while acting in concert with one another or pursuant to a common design." Dow Chemical Co. v. Mahlum, 114 Nev. 1468, 970 P.2d 98, 111 (1998))

## COUNT 14.   BAD FAITH DISCHARGE

120.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

121.   There was an enforceable CBA between Plaintiff and SVSU.

122.   Plaintiff relied upon the Defendants to act in good faith to execute the CBA in accordance with the plain language of the agreement.

123.   Defendants acted with malice to interfere with Plaintiff's contractual relationship with SVSU.  (The employer's conduct must go "well beyond the bounds of ordinary liability for breach of contract."Martin v. Sears, Roebuck and Co., 111 Nev. 923, 899 P.2d 551 (Nev.,1995) (citing K Mart Corp. v. Ponsock, 103 Nev. 39, 48, 732 P.2d 1364, 1369 (1987)).

## COUNT 15.   PROMISSORY ESTOPPEL

124.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

125.   Plaintiff relied to Plaintiff's detriment on the clear language of the CBA and Plaintiff relied on all Defendants to abide by the CBA.

126.   All Defendants breached the CBA resulting in harm to the Plaintiff.

127.   Allowing the Defendants breaches to stand is a miscarriage of justice.

128.   Defendants should be estopped from going back on the promises in the CBA.

## COUNT 16.   BREACH OF IMPLIED CONTRACT

129.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

130.   While Plaintiff was employed by Defendant, management of Defendant's company made statements to Plaintiff and to other employees of Defendant that it was Defendant's policy not to discharge Plaintiff from Defendant's employment as long as Plaintiff performed Plaintiff's job in accordance with the CBA.

131.   Further, while Plaintiff was employed by Defendant, Plaintiff was led to believe that Plaintiff would be treated in accordance with the provisions of the CBA and that Plaintiff would not be treated arbitrarily, with malice and hostility and would not be terminated if Plaintiff met the conditions of the CBA.

132.   Plaintiff relied upon these policies, statements, and representations of Defendant, and the CBA, through Defendants agents, servants, or employees. As a result, there was, by express words, implications, or operation of law, a contractual agreement between Plaintiff and Defendant by which Defendant was obligated to terminate Plaintiff's employment only for good cause.

133.   As a result of Defendant's termination of Plaintiff's employment, Defendant has breached the contract described above.

134.   As a direct and proximate result of the termination and breach of contract, Plaintiff has been placed in financial distress; has suffered loss of wages and benefits, earning capacity, and ability to work; emotional distress; and will suffer these losses in the future.

COUNT 17.    FRAUD AND MISREPRESENTATION

135.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

136.    Defendants Wetmore, Bishop, Surfield, Bangert, and French made material representations about Plaintiff (in writing in Plaintiff's review and PPC records as well as verbally to other faculty and SVSUFA Executive Committee members); the representations were blatantly false (and Defendants were notified of their falsehoods in writing); Defendants made the representations recklessly and/or knowing representations were false; Defendants knew that such misrepresentations would be acted upon to the detriment of the Plaintiff; and the Plaintiff was harmed.

137.    Defendants Wetmore, Bishop, Surfield, Bangert, and French engaged in intentional and fraudulent misrepresentations of Plaintiff's performance with the intent to harm Plaintiff and deprive Plaintiff of tenure and continued employment.

**COUNT 18.    SILENT FRAUD**

138.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

139.    Defendants Wetmore, Bishop, Surfield, Bangert, and French prepared false and misleading reports, concealed true facts about Plaintiff's actual performance, and knew that Defendants SVSU and SVSUFA would rely upon these fraudulent misrepresentations.

140.    Defendants Wetmore, Bishop, Surfield, Bangert and French concealed important factual information regarding Plaintiff's performance, even after notified by Plaintiff of their misrepresentations and omissions.

*Saginaw Valley State University*

.41.   Plaintiff suffered harm as a result of Defendant's silent fraud actions.

## COUNT 19.   INFLICTION OF EMOTIONAL DISTRESS

142.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

143.   Defendants hostile, wrongful, malicious and retaliatory conduct towards Plaintiff created an unreasonable risk of causing the Plaintiff emotional distress.

144.   The Plaintiff's emotional distress was foreseeable.

145.   The Plaintiff's emotional distress was severe enough so as to result in illness or bodily harm.

   A.   Defendants actions caused Plaintiff serious emotional distress resulting in physical and mental symptoms requiring medication and physician treatment.

   B.   Defendants actions caused such emotional distress as to exacerbate Plaintiff's disability.

146.   The Defendant's hostile, wrongful, malicious and retaliatory conduct towards Plaintiff was the cause of Plaintiff's distress and harm.

## COUNT 20.   MALICE

147.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

148.   Defendents acted with malice against the plaintiff.

149.   Defendant Wetmore

150.   Defendants Bangert, Bishop, and Wetmore, during a meeting in April 2011, acted with

hostility, animus and malice towards Plaintiff.

A. During the April 2011 meeting, Defendants Bishop and Wetmore were openly angry and hostile to Plaintiff because Plaintiff had submitted a correction plan in accordance with the provisions of the CBA.

B. Defendant Bishop was so hostile as to state that the correction plan should not be allowed or accepted.

C. During the April 2011 meeting, Defendant Bangert stated "We are not saying you are a bad teacher, we are just giving you some helpful tips." Defendant Bangert also started to make a comment about the College being concerned that Plaintiff hadn't moved closer to campus but Bangert was stopped by Defendant Bishop who said "No. We don't want to talk about that. It isn't in the contract."

D. Although another faculty member, Dr. Park was present at the April 2011 was silent during the meeting, in the hallway a few minutes afterwards he approached the Plaintiff and in an almost apologetic manner and stated that he just wanted to see Plaintiff around the halls more often.

E. Defendant Wetmore describes, verbally and in writings placed in Plaintiff's record, as Plaintiff's "campus visibility" and complains that Plaintiff's campus visibility is inadequate even though there is no standard or requirement for campus visibility in the CBA.

F. Campus visibility is certainly not grounds under the CBA for denying tenure or terminating faculty, but Defendant Wetmore decided, with malice to make it her personal mission to make certain that Plaintiff did not get tenure and was terminated.

151.  Defendant Wetmore, as Dean of CBM, intentionally and maliciously refused to place

Plaintiff on any SVSU committees knowing that failure to serve on such committees would harm Plaintiff's chances of obtaining tenure.

152.    Defendant Bishop intentionally and maliciously took steps to assure that SVSU would not grant Plaintiff tenure and that the SVSUFA would not pursue any of Plaintiff's grievances.

153.    Defendant Surfield intentionally and maliciously wrote falsehoods into Plaintiff's employment record in an effort to assure that Plaintiff would be denied tenure and Plaintiff's employment would be terminated.

      A.  In a review report, Defendant Surfield viciously attacked Plaintiff's use of multiple choice questions on exams.  However, one of the primary purposes of the course was to help prepare accounting students for the CPA exam – and the CPA exam is a multiple choice test.

      B.  Defendant Surfield maliciously and with animus presented a skewed and extremely narrative in Plaintiff's review report that inaccurately characterized Plaintiff's absences from class as demonstrating a lack of rigor when in fact Plaintiff was suffering from illness and disability at the time and proper notifications under the CBA.

      C.  Defendant Surfield intentionally misrepresented Plaintiff's publication and record of scholarship.

154.    Defendants malice created a hostile work environment for the Plaintiff.

155.    Defendants Bishop, Surfield, Wetmore, Bangert, and Stewart intentionally and maliciously conspired to propagate falsehoods about Plaintiff so as to harm Plaintiff's chances at tenure and continued employment.

*Saginaw Valley State University*

## COUNT 21.  COMPELLED SELF-DEFAMATION

156.  The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

157.  Defendants wanton, willful, hostile, and malicious acts to deny Plaintiff tenure and employment at SVSU have resulted in Plaintiff being compelled to disclose the terms of Plaintiff's separation from SVSU.

158.  Compelling Plaintiff to disclose the terms of Plaintiff's wrongful treatment and termination have harmed Plaintiff.

## COUNT 22.  VIOLATION OF 4TH AMENDMENT RIGHTS UNDER 42 U.S.C.A. § 1983

159.  The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

160.  The right of persons to be free from unreasonable searches and seizures is guaranteed by the 4th Amendment to the Constitution.

161.  Defendants SVSU and Bachand instigated an unlawful investigation into Plaintiff's private life in the Spring of 2013 in an unlawful and malicious attempt to intimidate and harass the Plaintiff and to try to keep the Plaintiff from grieving other wrongful acts by Defendants.

## COUNT 23.  VIOLATION OF ERISA

162.  The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

163.  Defendants wrongfully failed to pay Plaintiff salary and benefits between June 15, 2013

*Saginaw Valley State University*

and August 24, 2013 which is a violation of benefit provisions of ERISA § 502(a)(1) and (3);

breach of fiduciary duty under ERISA §§ 502(a)(2) and 404(a); and interference with

protected rights under ERISA §§ 502(a)(3) and 510.

164.   Defendants wrongfully failed to pay Plaintiff salary and benefits between August 25,

2013 and the present which is a violation of benefit provisions of ERISA § 502(a)(1) and (3);

breach of fiduciary duty under ERISA §§ 502(a)(2) and 404(a); and interference with

protected rights under ERISA §§ 502(a)(3) and 510.


## RELIEF REQUESTED

**PLAINTIFF REQUESTS** that this court enter judgment against Defendants in whatever sum to
which **Plaintiff** is deemed entitled for legal damages, equitable damages and remedies, together
with costs, interest, and attorney fees, including but not limited to the following:

A.  Legal Relief:

1. Compensatory damages in whatever amount Plaintiff is found to be entitled;

2. Exemplary damages in whatever amount Plaintiff is found to be entitled;

3. Punitive damages in whatever amount Plaintiff is found to be entitled;

4. An award of interest, costs, reasonable attorney fees, and expert witness fees.

B.  Equitable Relief:

1.  An injunction out of this Court prohibiting any further acts of wrongdoing or

retaliation against this plaintiff;

2.  Reinstatement as an Associate Professor with tenure;

3.  Compensatory damages;

4.  Punitive damages for emotional distress and harm to reputation;

5.  An award of interest, costs and reasonable attorney fees; and,

6.  Whatever other equitable relief appears appropriate at the time of final judgment.

**PLAINTIFF REQUESTS trial by jury on all issues so triable.**

R.L. Ross
**R.L. Ross (P53013)**
**29106 Glencastle Drive**
**Farmington Hills, MI 48336**
**(248) 721-9760**

**Dated:  October 25, 2014**

## JURY DEMAND

Plaintiff **R.L. Ross** demands a trial by jury of all issues so triable in this cause of action.

_____
**R.L. Ross**
**R.L. Ross (P53013)**
**29106 Glencastle Drive**
**Farmington Hills, MI 48336**
(248) 721-9760

**Dated:  October 25, 2014**

1

(2/12)

# CIVIL COVER SHEET

**County in which action arose** Saginaw

44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as ...ided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the ...pose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
R. L. Ross

**DEFENDANTS**
Saginaw Valley State University (SVSU); Donald Bachand personally and in his capacity as Provost, VP and President; Jill Wetmore personally and her capacity as dean of SVSU CBM; Shaun Bangert personally and in her capacity at SVSU/sVSUF

**(b)** County of Residence of First Listed Plaintiff  Oakland  26/25
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Saginaw
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se: R. L. Ross, 29106 Glencastle Drive, Farmington Hills, MI 48336
(248) 721-9760

Case:2:14-cv-14122
Judge: Murphy, Stephen J.
MJ: Whalen, R. Steven
Filed: 10-27-2014 at 12:25 PM
CMP R.L. ROSS V DONALD BACHARD, ET
AL (LG)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | **PERSONAL INJURY** ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 690 Other | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ☒ 720 Labor/Management Relations | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | | | ❏ 751 Family and Medical Leave Act | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 893 Environmental Matters |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | |
| | ❏ 448 Education | ❏ 550 Civil Rights | ❏ 465 Other Immigration Actions | |
| | | ❏ 555 Prison Condition | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 158 and 185(a) (1982) [hereinafter § 301]; 42 USC 1983; 29 U.S.C. Sec. 412; 29 U.S.C. § 1132(a)(1)(b) 29 F.R. § 2560.503-1(

Brief description of cause:
Section 301 Hybrid cause of action for breach against SVSU and breach of duty of fair representation against SVSUFA/MEA

## VII. REQUESTED IN COMPLAINT:

- ❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☒ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE
October 26, 2014

SIGNATURE OF ATTORNEY OF RECORD
Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

RSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

☐ Yes
☒ No

2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other
          court, including state court? (Companion cases are matters in which
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

☒ Yes
☐ No

    If yes, give the following information:

    Court:   Michigan Employment Relations Commission:  R.Lee Ross v. SVSU

    Case No.:   C13 J-175/Docket No. 13-013933-MERC

    Judge:   Julia Stern

    Notes :   Action for Unfair Labor Practice

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

R.L. Ross

|  |  |
|---|---|
| *Plaintiff* | Case:2:14-cv-14122 |
| v. | Judge: Murphy, Stephen J. |
| Saginaw Valley State University, et. al. | MJ: Whalen, R. Steven |

*Defendant*

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Donald Bachand, Saginaw Valley State University

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: October 27, 2014

_____
*Signature of the attorney or unrepresented party*

|  |  |
|---|---|
| *Printed name:* | R. L. Ross |
| *Address:* | 29106 Glencastle Drive |
| *City, State Zip:* | Farmington Hills, MI 48336 |
| *E-Mail address:* | rhondaross@fas.harvard.edu |
| *Telephone number:* | (248) 721-9760 |

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

R.L. Ross

|  |  |
|---|---|
| *Plaintiff* | Case:2:14-cv-14122 |
| v. | Judge: Murphy, Stephen J. |
|  | MJ: Whalen, R. Steven |

Saginaw Valley State University, et. al.

*Defendant*

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Jill Wetmore

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: October 27, 2014

_____
*Signature of the attorney or unrepresented party*

*Printed name:* R. L. Ross

*Address:* 29106 Glencastle Drive

*City, State Zip:* Farmington Hills, MI 48336

*E-Mail address:* rhondaross@fas.harvard.edu

*Telephone number:* (248) 721-9760

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

R.L. Ross

|  |  |
|---|---|
| *Plaintiff* | Case:2:14-cv-14122 |
| v. | Judge: Murphy, Stephen J. |
| Saginaw Valley State University, et. al. | MJ: Whalen, R. Steven |

*Defendant*

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Shaun Bangert

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: October 27, 2014

_____
*Signature of the attorney or unrepresented party*

*Printed name:*   R. L. Ross

*Address:*   29106 Glencastle Drive

*City, State Zip:*   Farmington Hills, MI 48336

*E-Mail address:*   rhondaross@fas.harvard.edu

*Telephone number:*   (248) 721-9760

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

R.L. Ross

|  |  |
|---|---|
| *Plaintiff* | Case: 2:14-cv-14122 |
| v. | Judge: Murphy, Stephen J. |
| Saginaw Valley State University, et. al. | MJ: Whalen, R. Steven |
| *Defendant* | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Robert Lane

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  October 27, 2014

_____
*Signature of the attorney or unrepresented party*

|  |  |
|---|---|
| *Printed name:* | R. L. Ross |
| *Address:* | 29106 Glencastle Drive |
| *City, State Zip:* | Farmington Hills, MI 48336 |
| *E-Mail address:* | rhondaross@fas.harvard.edu |
| *Telephone number:* | (248) 721-9760 |

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

R.L. Ross

|  |  |  |
|---|---|---|
| | *Plaintiff* | Case:2:14-cv-14122 |
| v. | | Judge: Murphy, Stephen J. |
| Saginaw Valley State University, et. al. | | MJ: Whalen, R. Steven |
| | *Defendant* | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Christopher Surfield

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  October 27, 2014

*Signature of the attorney or unrepresented party*

*Printed name:*  R. L. Ross

*Address:*  29106 Glencastle Drive

*City, State Zip:*  Farmington Hills, MI 48336

*E-Mail address:*  rhondaross@fas.harvard.edu

*Telephone number:*  (248) 721-9760

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

| | | |
|---|---|---|
| R.L. Ross | | |
| | *Plaintiff* | Case:2:14-cv-14122 |
| v. | | Judge: Murphy, Stephen J. |
| Saginaw Valley State University, et. al. | | MJ: Whalen, R. Steven |
| | *Defendant* | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Deborah Bishop
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  October 27, 2014

_____
*Signature of the attorney or unrepresented party*

| | |
|---|---|
| *Printed name:* | R. L. Ross |
| *Address:* | 29106 Glencastle Drive |
| *City, State Zip:* | Farmington Hills, MI 48336 |
| *E-Mail address:* | rhondaross@fas.harvard.edu |
| *Telephone number:* | (248) 721-9760 |

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

R.L. Ross

                                *Plaintiff*

           v.

Saginaw Valley State University, et. al.

                             *Defendant*

**Case:2:14-cv-14122**
**Judge: Murphy, Stephen J.**
**MJ: Whalen, R. Steven**

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Stewart French

    *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within  30  *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.  Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  October 27, 2014

                                              *Signature of the attorney or unrepresented party*

                  *Printed name:*  R. L. Ross

                        *Address:*  29106 Glencastle Drive

               *City, State Zip:*  Farmington Hills, MI 48336

              *E-Mail address:*  rhondaross@fas.harvard.edu

          *Telephone number:*  (248) 721-9760

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

R.L. Ross

|                      |           |
|----------------------|-----------|
|                      | *Plaintiff* |
| v.                   |           |
| Saginaw Valley State University, et. al. |  |

**Case:2:14-cv-14122**
**Judge: Murphy, Stephen J.**
**MJ: Whalen, R. Steven**

*Defendant*

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Saun Strobel, Michigan Education Association and Saginaw Valley State University Faculty Association
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: __October 27, 2014__

_____
*Signature of the attorney or unrepresented party*

|                      |                          |
|----------------------|--------------------------|
| *Printed name:* | R. L. Ross |
| *Address:* | 29106 Glencastle Drive |
| *City, State Zip:* | Farmington Hills, MI 48336 |
| *E-Mail address:* | rhondaross@fas.harvard.edu |
| *Telephone number:* | (248) 721-9760 |

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

R.L. Ross

|  |  |
|---|---|
| *Plaintiff* | Case:2:14-cv-14122 |
| v. | Judge: Murphy, Stephen J. |
|  | MJ: Whalen, R. Steven |

Saginaw Valley State University, et. al.

*Defendant*

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Saginaw Valley State University Faculty Association
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _30_ *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: October 27, 2014

_____
*Signature of the attorney or unrepresented party*

*Printed name:* R. L. Ross

*Address:* 29106 Glencastle Drive

*City, State Zip:* Farmington Hills, MI 48336

*E-Mail address:* rhondaross@fas.harvard.edu

*Telephone number:* (248) 721-9760

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

R.L. Ross

                                    *Plaintiff*

                    v.

Saginaw Valley State University, et. al.

                                    *Defendant*

Case:2:14-cv-14122
Judge: Murphy, Stephen J.
MJ: Whalen, R. Steven

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Saginaw Valley State University
   *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _30_ *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: October 27, 2014

                                    _____
                                    *Signature of the attorney or unrepresented party*

                    *Printed name:* R. L. Ross

                         *Address:* 29106 Glencastle Drive

                     *City, State Zip:* Farmington Hills, MI 48336

                  *E-Mail address:* rhondaross@fas.harvard.edu

               *Telephone number:* (248) 721-9760

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

R.L. Ross

|  |  |
|---|---|
| *Plaintiff* | Case:2:14-cv-14122 |
| v. | Judge: Murphy, Stephen J. |
|  | MJ: Whalen, R. Steven |

Saginaw Valley State University, et. al.

*Defendant*

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Mr. John Decker, Attorney for Saginaw Valley State University
   *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  October 27, 2014

_____
*Signature of the attorney or unrepresented party*

|  |  |
|---|---|
| *Printed name:* | R. L. Ross |
| *Address:* | 29106 Glencastle Drive |
| *City, State Zip:* | Farmington Hills, MI 48336 |
| *E-Mail address:* | rhondaross@fas.harvard.edu |
| *Telephone number:* | (248) 721-9760 |

# New Lawsuit Check List

**Instructions:** Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

| | |
|---|---|
| ☑ | Two (2) completed **Civil Cover Sheets**. |

| | | |
|---|---|---|
| ☐ | Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.<br><br>_11_ + 2 = _13_ **Complaints.**<br>_# of Defendants_   _Total_<br><br>Received by Clerk: _____ Addresses are complete: _____ | Case:2:14-cv-14122<br>Judge: Murphy, Stephen J.<br>MJ: Whalen, R. Steven<br>Filed: 10-27-2014 At 12:25 PM<br>CMP R.L. ROSS V DONALD BACHARD, ET AL (LG) |

| | |
|---|---|
| ☐ | If any of your defendants are **government agencies**:<br>Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. |

| **If Paying The Filing Fee:** | **If Asking That The Filing Fee Be Waived:** |
|---|---|
| ☑ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>*Clerk, U.S. District Court*<br><br>Received by Clerk: _LC_ Receipt #: _072923_ | ☐ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br><br><br>Received by Clerk: _____ |

### Select the Method of Service you will employ to notify your defendants:

| **Service via Summons by Self** | **Service by U.S. Marshal**<br>(Only available if fee is waived) | **Service via Waiver of Summons**<br>(U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br><br><br><br>Received by Clerk: _____ | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☐ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br><br>Received by Clerk: _____ | ☑ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

| **Clerk's Office Use Only** |
|---|

Note any deficiencies here: