UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R. L. ROSS,

        Plaintiff,        Case No. 14-cv-14122

v        Honorable Thomas L. Ludington

DONALD BACHAND, et al.,

        Defendants.
_____/

**ORDER STRIKING EX-PARTE MOTION AND MEMORANDUM**

On January 22, 2015, Plaintiff Rhonda L. Ross filed an ex-parte motion and memorandum of law. The motion will be stricken for failure to comply with the Local Rules.

First, Eastern District of Michigan Local Rules 7.1(b) and (c) require that all motions comply with Local Rule 5.1, which governs papers presented for filing. Local Rule 5.1(a)(3) explicitly requires that all papers must use size 14-point font. Plaintiff's motion does not comply with this rule because it contains a font size that is significantly smaller than the required 14-point font.

Second, Plaintiff has not complied with Local Rule 5.1, which governs the procedures for filing exhibits to motions. The Local Rules provide that:

(2)    The filing use must prepare an index of exhibits and file the index as the first attachment to the paper. Each exhibit must be described on the index both by an exhibit identifier and by a brief narrative description. . . .

(3)    Each exhibit must then be filed and identified as a separate attachment to the paper, and must be labeled in the electronic record with an exhibit identifier and brief narrative description.

Electronic Filing Policies and Procedures R16.  Here, Plaintiff did not comply with the Local Rules.  Instead, she filed her motion and exhibits as a single file, without any descriptions and without an index.

Third, Local Rule 65.1 provides that a party may file an ex parte motion for a temporary injunction "if Fed. R. Civ. P. 65(b)(1) permits an *ex parte* order."  Federal Rule of 65(b)(1) requires two elements to be met before a party may file an ex parte motion for a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts to give notice *and the reasons why it should not be required.*

(emphasis added). Here, Plaintiff does not provide any reason that would justify an ex parte temporary restraining order.  Defendants have already been served, and counsel have already made appearances on behalf of defendants.  Plaintiff has made no representations that she attempted to give notice to Defendants, nor has she explained why she did not.  Accordingly, she has not complied with the requirements of Federal Rule of Civil Procedure 65, and by extension, Eastern District of Michigan Local Rule 65.1.

Accordingly, it is **ORDERED** that Plaintiff Ross's Ex Parte Motion (ECF No. 19) is **STRICKEN**.

                                                             s/Thomas L. Ludington  
                                                             THOMAS L. LUDINGTON  
                                                             United States District Judge

Dated: January 23, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 23, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS