UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R. L. ROSS,

       Plaintiff,

vs.

DONALD BACHAND, personally, and
in his capacity as former Provost and
President of Saginaw Valley State
University, et al,

       Defendants.

Case No. 1:14-cv-14122

Hon. Thomas L. Ludington

---

**DEFENDANTS BACHAND, WETMORE, HUNTLEY, ABBS,
CARMONA, FERGUSON, GAMEZ, GILBERTSON, MARTIN,
VELASQUEZ, WILSON, YANTZ, EMOND AND
SAGINAW VALLEY STATE UNIVERSITY'S
EX PARTE MOTION FOR EXTENSION
OF PAGE LIMITATION**

NOW COME the Defendants, Saginaw Valley State University, Donald Bachand, Jill Wetmore, Deborah Huntley, David Abbs, Scott Carmona, Cathy Ferguson, David Gamez, Eric Gilbertson, Jeffrey Martin, Jenee Velasquez, Leola Wilson, Jerome Yantz and Susie Emond (hereinafter "SVSU Defendants"), by and through their Attorneys, Braun Kendrick Finkbeiner P.L.C., and for their Ex Parte Motion for Extension of Page Limitation state as follows:

1.      This Motion is based upon Local Rule 7.1(d)(3)(A).

{S1198342.DOCX.1}

2.      The Plaintiff, R.L. Ross ("Plaintiff"), brought this action against Saginaw Valley State University ("SVSU"), the Saginaw Valley State University Faculty Association ("Faculty Association") and numerous SVSU administrators, faculty members and Board of Control members.

3.      Plaintiff's employment as an Assistant Professor with SVSU was terminated after she was denied tenure.

4.      Plaintiff's 553-paragraph Amended Complaint alleges twenty-eight (28) separate causes of action against thirty-two (32) different defendants arising out of the pre-tenure review process, the University's decision to deny Plaintiff tenure, the termination of Plaintiff's employment and the Faculty Association's withdrawal of its labor grievance relating to these decisions.

5.      Plaintiff's Amended Complaint alleges the following causes of action against some or all of the SVSU Defendants:

- Count 1- Discrimination in Violation of the Americans with Disabilities Act ("ADA")
- Count 2 - Failure to Accommodate in Accordance with the ADA
- Count 3 - Retaliation in Violation of the ADA
- Count 4 - Discrimination & Retaliation in Violation of the Elliott-Larsen Civil Rights Act
- Count 5 - Discrimination in Violation of the Michigan Persons with Disabilities Civil Rights Act
- Count 6 - Retaliation in Violation of the Michigan Persons with Disabilities Civil Rights Act
- Count 7 - Discrimination & Retaliation in Violation of the Rehabilitation Act
- Count 8 - Interference & Retaliation under the Family & Medical Leave Act

- Count 9 - Breach of Collective Bargaining Agreement;
- Count 11 - Denial of Procedural Due Process;
- Count 12 - Denial of Substantive Due Process;
- Count 13 - Violation of the Equal Protection Clause of the 14th Amendment
- Count 14 - Wrongful Discharge;
- Count 15 - Retaliatory Actions and Discharge in Violation of Public Policy;
- Count 16 - Hostile Work Environment (under ADA & Rehab Act);
- Count 17 - Discriminatory Compensation (under ADA & Rehab Act);
- Count 18 - Tortious Interference with Contract;
- Count 19 - Tortious Interference with a Business Relationship or Expectancy
- Count 20 - Civil Conspiracy;
- Count 21 - Invasion of Privacy (Intrusion upon Seclusion & False Light);
- Count 22 - Concert of Action;
- Count 23 - Promissory Estoppel;
- Count 24 - Fraud and Misrepresentation;
- Count 25 - Silent Fraud;
- Count 26 - Infliction of Emotional Distress;
- Count 27 - Compelled Self-Defamation;
- Count 28 - Violation of 4th & 9th Amendment Rights;

6.     The SVSU Defendants intend to file a Motion to Dismiss pursuant to Rule 12(b)(6) seeking dismissal of all or a portion of Counts 1, 2, 3, 4, 7, 8, 11, 12, 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27 and 28 as to some or all of the SVSU Defendants.

7.     Local Rule 7.1(d)(3)(A) provides that the text of a Brief, including footnotes and signatures, may not exceed 25 pages, but further provides that a party seeking to file a Brief longer than 25 pages may apply ex parte in writing setting forth the reasons.

8.     The SVSU Defendants' Rule 12(b)(6) Motion seeks dismissal of all or a portion of twenty-two (22) separate causes of action, many of which have

separate legal bases for dismissal and some of which have multiple legal bases for dismissal.

9.      The SVSU Defendants are unable to adequately address each of the claims alleged against them in Plaintiff's Amended Complaint via a Rule 12(b)(6) Motion if their supporting Brief is limited to 25 pages.   Therefore, the SVSU Defendants request an extension of the page limitation to allow the SVSU Defendants to file a supporting Brief of no more than 49 pages.

10.     The SVSU Defendants' deadline to answer the Amended Complaint or to file a Rule 12(b)(6) Motion is February 23, 2015.

11.     A *draft* copy of the SVSU Defendants' proposed Brief in Support of Motion for to Dismiss pursuant to Rule 12(b)(6) is attached as Exhibit A.

WHEREFORE, the SVSU Defendants respectfully requests this Honorable Court enter an Order granting their Ex Parte Motion for Extension of Page Limitation and allowing the SVSU Defendants to file a Brief in Support of Motion to Dismiss Pursuant to Rule 12(b)(6), which shall not be more than 49 pages.

Dated:  February 17, 2015.          By:   s/Jamie Hecht Nisidis
                                    JAMIE HECHT NISIDIS
                                    Attys for SVSU Defendants
                                    4301 Fashion Square Boulevard
                                    Saginaw, Michigan  48603
                                    989-498-2100
                                    jamnis@BraunKendrick.com
                                    (P48969)

## BRIEF IN SUPPORT OF EX PARTE
## <u>MOTION FOR EXTENSION OF PAGE LIMITATION</u>

### <u>ARGUMENT</u>

Local Rule 7.1(d)(3)(A) provides that the text of a Brief, including footnotes and signatures, may not exceed 25 pages, but further provides that a party seeking to file a Brief longer than 25 pages may apply ex parte in writing setting forth the reasons. The SVSU Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) seeks dismissal of some or all of twenty-two (22) causes of action -- many of which have separate legal bases for dismissal and some of which have multiple legal bases for dismissal. The SVSU Defendants are unable to adequately address the claims alleged against them in Plaintiff's Amended Complaint via a Rule 12(b)(6) Motion if their supporting Brief is limited to 25 pages.

WHEREFORE, the SVSU Defendants respectfully requests this Honorable Court enter an Order granting their Ex Parte Motion for Extension of Page Limitation and allowing the SVSU Defendants to file a Brief in Support of Motion to Dismiss Pursuant to Rule 12(b)(6), which shall not be more than 49 pages.

Dated: February 17, 2015

By: s/Jamie Hecht Nisidis
JAMIE HECHT NISIDIS
Attys for SVSU Defendants
4301 Fashion Square Boulevard
Saginaw, Michigan 48603
989-498-2100
jamnis@BraunKendrick.com
(P48969)

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys registered with the ECF system.

<div style="margin-left:40%">

s/ Jamie Hecht Nisidis
JAMIE HECHT NISIDIS
Braun Kendrick Finkbeiner P.L.C.
Attys for SVSU Defendants
4301 Fashion Square Boulevard
Saginaw, Michigan  48603
989-498-2100
jamnis@braunkendrick.com
(P48969)

</div>