UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R. L. ROSS,

      Plaintiff,

vs.

DONALD BACHAND, personally, and
in his capacity as former Provost and
President of Saginaw Valley State
University, et al,

      Defendants.

Case No. 1:14-cv-14122

Hon. Thomas L. Ludington

---

**DEFENDANTS BACHAND, WETMORE, HUNTLEY, ABBS,
CARMONA, FERGUSON, GAMEZ, GILBERTSON, MARTIN,
VELASQUEZ, WILSON, YANTZ, EMOND AND SAGINAW
VALLEY STATE UNIVERSITY'S ANSWER TO COUNTS 5, 6, 9, 10, 18
AND 19 OF PLAINTIFF'S AMENDED COMPLAINT,
<u>AFFIRMATIVE DEFENSES and RELIANCE ON JURY DEMAND</u>**

NOW COME the Defendants, Saginaw Valley State University, Donald Bachand, Jill Wetmore, Deborah Huntley, David Abbs, Scott Carmona, Cathy Ferguson, David Gamez, Eric Gilbertson, Jeffrey Martin, Jenee Velasquez, Leola Wilson, Jerome Yantz and Susie Emond (hereinafter "SVSU Defendants"), by and through their Attorneys, Braun Kendrick Finkbeiner P.L.C., and for their Answer to Counts 5, 6, 9, 10, 18 and 19 of Plaintiff's Amended Complaint state as follows:

## SUMMARY OF COMPLAINT

SVSU Defendants admit only that Plaintiff's Amended Complaint purports to allege the various causes of action described under the heading "Summary of Complaint". As is more fully set forth in Defendants' Motion to Dismiss Portions of Amended Complaint pursuant to Rule 12(b)(6), Plaintiff has failed to state claims upon which relief can be granted as to many of claims addressed therein. For further answer, SVSU Defendants deny as untrue any and all wrongful conduct alleged in Plaintiff's Complaint.

The remainder of Plaintiff's "Summary of Complaint" states legal conclusions to which no answer is required.

## JURISDICTION

1.    SVSU Defendants admit only that this Court has subject matter jurisdiction of this matter pursuant to 28 USC §§1331 and 1367 and deny as untrue all remaining or inconsistent allegations.

2.    SVSU Defendants admit only that Plaintiff filed a charge of discrimination with the EEOC. SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 2.

3.    SVSU Defendants admit the allegations in Paragraph 3.

4.    SVSU Defendants admit the allegations in Paragraph 4 on information and belief.

{S1198836.DOCX.1}                                   2

5.      SVSU Defendants admit only that the events at issue in the Complaint occurred while Plaintiff was employed by Defendant Saginaw Valley State University.   SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 5.

6.      SVSU Defendants admit that SVSU is located and operates in the State of Michigan.   The remaining allegations in Paragraph 6 state a legal conclusion to which no answer is required.

7.      The allegations in Paragraph 7 state a legal conclusion to which no answer is required.

8.      The allegations in Paragraph 8 state a legal conclusion to which no answer is required.

9.      SVSU Defendants admit only that this Court has subject matter jurisdiction of this matter pursuant to 28 USC §§1331 and 1367 and deny as untrue all remaining or inconsistent allegations.

10.      SVSU Defendants admit only that this Court has subject matter jurisdiction of this matter pursuant to 28 USC §§1331 and 1367 and deny as untrue all remaining or inconsistent allegations.

11.      SVSU Defendants admit only that this Court has subject matter jurisdiction of this matter pursuant to 28 USC §§1331 and 1367 and deny as untrue all remaining or inconsistent allegations.

12.     SVSU Defendants lack sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 12 and, therefore, neither admit nor deny same.  (Hereinafter "neither admit nor deny".)

13.     SVSU Defendants admit the allegations in Paragraph 13 on information and belief.

14.     SVSU Defendants admit the allegations in Paragraph 14.

15.     SVSU Defendants admit only that this Court has subject matter jurisdiction of this matter pursuant to 28 USC §§1331 and 1367 and deny as untrue all remaining or inconsistent allegations.

## PARTIES AND BACKGROUND

16.     SVSU Defendants admit the allegations in Paragraph 16.

17.     SVSU Defendants admit the allegations in Paragraph 17.

17A.   SVSU Defendants deny as untrue the allegations in Paragraph 17A.

17B.   SVSU Defendants deny as untrue the allegations in Paragraph 17B.

17C.   SVSU Defendants deny as untrue the allegations in Paragraph 17C.

17D.   SVSU Defendants deny as untrue the allegations in Paragraph 17D.

17E.   SVSU Defendants deny as untrue the allegations in Paragraph 17E.

17F.   SVSU Defendants deny as untrue the allegations in Paragraph 17F.

17G.   SVSU Defendants deny as untrue the allegations in Paragraph 17G.

17H.   SVSU Defendants deny as untrue the allegations in Paragraph 17H.

18.     SVSU Defendants admit the allegations in Paragraph 18.

18A.   SVSU Defendants deny as untrue the allegations in Paragraph 18A.

18B.   SVSU Defendants deny as untrue the allegations in Paragraph 18B.

18C.   SVSU Defendants admit only that Defendant Wetmore was a member of the Professional Practices Committee. SVSU Defendants deny as untrue the remaining allegations in Paragraph 18C.

18D.   SVSU Defendants deny as untrue the allegations in Paragraph 18D.

18E.   SVSU Defendants admit only that Plaintiff's probationary reviews recommended reappointment. SVSU Defendants neither admit nor deny all remaining or inconsistent allegations in Paragraph 18E. For further answer, the documents speak for themselves.

18F.   SVSU Defendants deny as untrue the allegations in Paragraph 18F.

18G.   SVSU Defendants deny as untrue the allegations in Paragraph 18G.

18H.   SVSU Defendants deny as untrue the allegations in Paragraph 18H.

18I.    SVSU Defendants deny as untrue the allegations in Paragraph 18I.

18J.    SVSU Defendants deny as untrue the allegations in Paragraph 18J.

18K.   SVSU Defendants deny as untrue the allegations in Paragraph 18K.

18L.   SVSU Defendants deny as untrue the allegations in Paragraph 18L.

18M.  SVSU Defendants deny as untrue the allegations in Paragraph 18M.

18N.   SVSU Defendants deny as untrue the allegations in Paragraph 18N.

18O.   SVSU Defendants deny as untrue the allegations in Paragraph 18O.

19.   SVSU Defendants admit that Deborah Bishop was a faculty member during Plaintiff's term of employment at SVSU and that Deborah Bishop was Chair of Plaintiff's 2010-2011 pre-tenure review committee.   SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 19.

19A.   SVSU Defendants neither admit nor deny the allegations in Paragraph 19A.

19B.   SVSU Defendants neither admit nor deny the allegations in Paragraph 19B.

19C.   SVSU Defendants neither admit nor deny the allegations in Paragraph 19C.

19D.   SVSU Defendants neither admit nor deny the allegations in Paragraph 19D.

19E.   SVSU Defendants deny as untrue any and allegations against Defendant Wetmore.   SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 19E.

19F.   SVSU Defendants deny as untrue any and allegations against Defendant Wetmore.   SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 19F.

19G.  SVSU Defendants deny as untrue any and allegations against Defendant Wetmore.  SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 19G.

20.   SVSU Defendants admit the allegations in Paragraph 20.

20A.  SVSU Defendants neither admit nor deny the allegations in Paragraph 20A.

20B.  SVSU Defendants neither admit nor deny the allegations in Paragraph 20B.

21.   SVSU Defendants admit that Defendant Bangert was a member of Plaintiff's 2010-2011 evaluation team.  SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 21.

21A.  SVSU Defendants neither admit nor deny the allegations in Paragraph 21A.

21B.  SVSU Defendants admit that Defendant Bangert was a member of Plaintiff's 2010-2011 evaluation team.  SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 21B.

21C.  SVSU Defendants neither admit nor deny the allegations in Paragraph 21C.

21D.  SVSU Defendants neither admit nor deny the allegations in Paragraph 21D.

21E.   SVSU Defendants neither admit nor deny the allegations in Paragraph 21E.

21F.   SVSU Defendants neither admit nor deny the allegations in Paragraph 21F.

22.   SVSU Defendants admit the allegations in Paragraph 22.

22A.   SVSU Defendants neither admit nor deny the allegations in Paragraph 22A.

22B.   SVSU Defendants neither admit nor deny the allegations in Paragraph 22B.

22C.   SVSU Defendants neither admit nor deny the allegations in Paragraph 22C.

22D.   SVSU Defendants neither admit nor deny the allegations in Paragraph 22D.

22E.   SVSU Defendants neither admit nor deny the allegations in Paragraph 22E.

22F.   SVSU Defendants neither admit nor deny the allegations in Paragraph 22F.

22G.   SVSU Defendants neither admit nor deny the allegations in Paragraph 22G.

22H.  SVSU Defendants neither admit nor deny the allegations in Paragraph 22H.

22I.   SVSU Defendants neither admit nor deny the allegations in Paragraph 22I.

23.    SVSU Defendants admit the allegations in Paragraph 23.

23A.  SVSU Defendants neither admit nor deny the allegations in Paragraph 23A.

23B.  SVSU Defendants neither admit nor deny the allegations in Paragraph 23B.

23C.  SVSU Defendants neither admit nor deny the allegations in Paragraph 23C.

23D.  SVSU Defendants neither admit nor deny the allegations in Paragraph 23D.

23E.  SVSU Defendants neither admit nor deny the allegations in Paragraph 23E.

23F.  SVSU Defendants neither admit nor deny the allegations in Paragraph 23F.

24.    SVSU Defendants admit only that Mark McCartney is a professor and served as Chair of Plaintiff's 2012-2013 pre-tenure evaluation team.   SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 24.

25.     SVSU Defendants admit only that William Williamson is a professor at SVSU and that he served on Plaintiff's 2011-2012 evaluation team.   SVSU Defendants deny as untrue the remaining allegations in Paragraph 25.

25A.  SVSU Defendants deny as untrue any and all allegations against Defendants SVSU, Bachand and Wetmore.  SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 25A.

26.     SVSU Defendants admit the allegations in Paragraph 26.

26A.  SVSU Defendants neither admit nor deny the allegations in Paragraph 26A.

26B.  SVSU Defendants deny as untrue any and all allegations against Defendants SVSU, Bachand and Wetmore.  SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 26B.

27.     SVSU Defendants admit that Saun Strobel is the Uniserv Director of MEA for the SVSUFA.  SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 27.

27A.  SVSU Defendants neither admit nor deny the allegations in Paragraph 27A.

28.     SVSU Defendants admit that Defendant Christopher Surfield was a faculty member in the College of Business and Management during the relevant time period.

28A.  SVSU Defendants neither admit nor deny the allegations in Paragraph 28A.

28B.  SVSU Defendants neither admit nor deny the allegations in Paragraph 28B.

28C.  SVSU Defendants neither admit nor deny the allegations in Paragraph 28C.

28D.  SVSU Defendants deny as untrue any and all allegations against Defendants Bachand and Wetmore.  SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 28D.

29.  SVSU Defendants neither admit nor deny the allegations in Paragraph 29.

30.  SVSU Defendants admit the allegations in Paragraph 30.

31.  SVSU Defendants admit that the Defendants listed in Paragraph 31 were members of the SVSU Professional Practices Committee ("PPC") during Plaintiff's employment and tenure reviews.  SVSU Defendants deny as untrue that "[t]his group" is a group of "plaintiffs" as alleged in Paragraph 31 and deny as untrue that this group constitutes the entire PPC, as Defendant Wetmore was also a member of the PPC during the relevant time period.

31A.  SVSU Defendants deny as untrue the allegations in Paragraph 31A.

32.  SVSU Defendants admit the allegations in Paragraph 32.

32A.   SVSU Defendants deny as untrue the allegations in Paragraph 32A.

## **FACTS AND ALLEGATIONS**

33.   SVSU Defendants admit the allegations in Paragraph 33.

34.   SVSU Defendants admit only that Plaintiff's probationary reviews recommended reappointment. SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 34. For further answer, the documents speak for themselves.

35.   SVSU Defendants admit only that Plaintiff's probationary reviews recommended reappointment. SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 35. For further answer, the documents speak for themselves.

36.   SVSU Defendants neither admit nor deny the allegations in Paragraph 36. For further answer, the documents speak for themselves.

37.   SVSU Defendants deny as untrue the allegations in Paragraph 37.

38.   SVSU Defendants deny as untrue the allegations in Paragraph 38.

39.   SVSU Defendants deny as untrue the allegations in Paragraph 39.

40.   SVSU Defendants deny as untrue the allegations in Paragraph 40.

41.   SVSU Defendants deny as untrue the allegations in Paragraph 41.

42.   SVSU Defendants deny as untrue the allegations in Paragraph 42.

43.   SVSU Defendants deny as untrue the allegations in Paragraph 43.

44.     SVSU Defendants deny as untrue the allegations in Paragraph 44.

45.     SVSU Defendants deny as untrue the allegations in Paragraph 45.

46.     SVSU Defendants deny as untrue the allegations in Paragraph 46.

47.     No answer is required, as the documents speak for themselves.

48.     No answer is required, as the documents speak for themselves.

49.     SVSU Defendants deny as untrue the allegations in Paragraph 49.  For further answer, the documents speak for themselves.

50.     SVSU Defendants deny as untrue the allegations in Paragraph 50.  For further answer, the documents speak for themselves.

51.     No answer is required, as the documents speak for themselves.

52A-B. No answer is required for the reason that Plaintiff's allegations in Paragraph 52A and 52B do not comply with Federal Rule of Civil Procedure 8(a).

52C.  SVSU Defendants deny as untrue the allegations in Paragraph 52C.

52D.  SVSU Defendants deny as untrue the allegations in Paragraph 52D.

52E.  SVSU Defendants deny as untrue any and all alleged false, fraudulent or malicious statements.  SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 52E.

53.     SVSU Defendants deny as untrue the allegations in Paragraph 53.

54.     SVSU Defendants admit only that Defendant Bachand, on behalf of SVSU, sent Plaintiff a letter dated June 28, 2013 advising Plaintiff of the

University's intent to take disciplinary action against Plaintiff. Defendant denies as untrue the all remaining or inconsistent allegations in Paragraph 54. For further answer, the letter speaks for itself.

55.    SVSU Defendants admit only that Plaintiff responded to the June 28, 2013 letter by letter dated July 13, 2013, which speaks for itself. SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 55.

56.    SVSU Defendants deny as untrue the allegations in Paragraph 56.

57.    SVSU Defendants deny as untrue the allegations in Paragraph 57.

58.    SVSU Defendants deny as untrue the allegations in Paragraph 58.

59.    SVSU Defendants neither admit nor deny that Plaintiff filed a grievance with the SVSUFA on May 1, 2013. SVSU Defendants deny as untrue all remaining allegations in Paragraph 59.

60.    SVSU Defendants deny as untrue the allegations in Paragraph 60.

61.    SVSU Defendants admit only that during a pre-hearing conference with ALJ Julia Stern on or about October 27, 2014, SVSU attorney John Decker and/or Director of Human Resources Jack VanHoorelbeke stated that the University in or around the spring of 2013 inquired into Plaintiff's outside employment activities which would have been in violation of the collective bargaining agreement. For further answer, following Plaintiff's refusal to respond

to specific written questions regarding her outside employment activities, SVSU submitted requests under the Freedom of Information Act to other public university regarding Plaintiff's outside employment activities which revealed Plaintiff's full-time outside employment with Michigan State University, earning $62,000 per year for the 2011-2012 and 2012-2013 academic years. SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 61.

62.     SVSU Defendants admit only that the SVSUFA submitted a grievance to Defendant SVSU via Memorandum to Donald J. Bachand dated June 21, 2013. SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 62.

63.     SVSU Defendants admit only that Plaintiff was advised via letter from Donald J. Bachand dated June 28, 2013 that her employment with SVSU was being terminated effective June 30, 2013. SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 63.

63A.  SVSU Defendants admit that Plaintiff was terminated effective June 30, 2013 after she was denied tenure for the second time in accordance with the provisions of the collective bargaining agreement. SVSU Defendants also admit that Plaintiff was not terminated because of the commission of a "tort or crime". SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 63A.

63B.  SVSU Defendants deny as untrue the allegations in Paragraph 63B.

63C.  SVSU Defendants deny as untrue the allegations in Paragraph 63C.

63D.  SVSU Defendants admit only that Thaler taught classes until the conclusion of the winter semester 2012 and was suspended on or about April 2, 2012 without pay.  SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 63D.  For further answer, Thaler was a tenured faculty member who was not similarly situated to Plaintiff who was a pre-tenure faculty member.

63E.  SVSU Defendants admit only that Thaler remained on unpaid suspension as of January 13, 2014.  SVSU Defendants deny as untrue all remaining allegations in Paragraph 63E.  For further answer, Thaler was a tenured faculty member who was not similarly situated to Plaintiff who was a pre-tenure faculty member.

63F.  SVSU Defendants admit only that Thaler was not terminated, that Thaler plead guilty to certain criminal charges in 2014 in Michigan state court and that Thaler retired in 2014.  SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 63F.  For further answer, Thaler was a tenured faculty member who was not similarly situated to Plaintiff who was a pre-tenure faculty member.

63G.   SVSU Defendants neither admit nor deny the allegations in Paragraph 63G.

63H.   SVSU Defendants deny as untrue the allegations in Paragraph 63H.

63I.   SVSU Defendants deny as untrue the allegations in Paragraph 63I.

64.   SVSU Defendants deny as untrue the allegations in Paragraph 64.

65.   SVSU Defendants deny as untrue the allegations in Paragraph 65.

66.   SVSU Defendants deny as untrue the allegations in Paragraph 66.

67.   SVSU Defendants deny as untrue the allegations in Paragraph 67.

68.   SVSU Defendants neither admit nor deny the allegations in Paragraph 68.

69.   SVSU Defendants neither admit nor deny the allegations in Paragraph 69.

## COUNT 1
## DISCRIMINATION IN VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT

70-111.   Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 2
## FAILURE TO ACCOMMODATE IN ACCORDANCE WITH THE ADA

112-122.   Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 3
## RETALIATION AGAINST PLAINTIFF IN VIOLATION OF THE ADA

123-146.   Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 4
## DISCRIMINATION AND RETALIATION IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

147-159.   Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 5
## DISCRIMINATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

160.   Defendants hereby incorporate their answers to Paragraphs 1-159 as if fully restated herein.

161.   The allegations in Paragraph 161 state a legal conclusion to which no answer is required.  For further answer, the statute speaks for itself.

162.   The allegations in Paragraph 162 state a legal conclusion to which no answer is required.  For further answer, the statute speaks for itself.

163.   The allegations in Paragraph 163 state a legal conclusion to which no answer is required.  For further answer, the statute speaks for itself.

164.   The allegations in Paragraph 164 state a legal conclusion to which no answer is required.  For further answer the statute speaks for itself.

165.   The allegations in Paragraph 165 state a legal conclusion to which no answer is required.  For further answer, the statute speaks for itself.

166.   SVSU Defendants neither admit nor deny the allegations in Paragraph 166.

167.   SVSU Defendants deny as untrue the allegations in Paragraph 167.

168.   SVSU Defendants deny as untrue the allegations in Paragraph 168.

169.   SVSU Defendants deny as untrue the allegations in Paragraph 169.

170.   SVSU Defendants deny as untrue the allegations in Paragraph 170.

171.   SVSU Defendants deny as untrue the allegations in Paragraph 171.

172.   SVSU Defendants deny as untrue any and all allegations of negative and adverse treatment.  SVSU Defendants neither admit nor deny the existence of similarly situated persons.

173.   SVSU Defendants deny as untrue the allegations in Paragraph 173.

174.   SVSU Defendants deny as untrue the allegations in Paragraph 174.

175.   SVSU Defendants deny as untrue the allegations in Paragraph 175.

176.   SVSU Defendants admit only that Plaintiff was denied tenure twice.  SVSU Defendants deny as untrue the remaining allegations in Paragraph 176.

177.   SVSU Defendants neither admit nor deny the allegations in Paragraph 177.

178.   SVSU Defendants deny as untrue the allegations in Paragraph 178.

179.   SVSU Defendants deny as untrue the allegations in Paragraph 179.

180.   SVSU Defendants deny as untrue the allegations in Paragraph 180.

181.   SVSU Defendants neither admit nor deny the allegations in Paragraph 181.

182.   The allegations in Paragraph 182 state a legal conclusion to which no answer is required.

183.   SVSU Defendants deny as untrue the allegations in Paragraph 183.

184.   SVSU Defendants neither admit nor deny the allegations in Paragraph 184.

185.   SVSU Defendants deny as untrue the allegations in Paragraph 185.

186.   SVSU Defendants deny as untrue the allegations in Paragraph 186.

187.   SVSU Defendants deny as untrue the allegations in Paragraph 187.

188.   SVSU Defendants deny as untrue the allegations in Paragraph 188.

189.   SVSU Defendants deny as untrue the allegations in Paragraph 189.

190.   SVSU Defendants deny as untrue the allegations in Paragraph 190.

191.   SVSU Defendants deny as untrue the allegations in Paragraph 191.

## COUNT 6
## RETALIATION IN VIOLATION OF MICHIGAN'S
## PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

192.   Defendants hereby incorporate their answers to Paragraphs 1-191 as if fully restated herein.

193.   The allegations in Paragraph 193 state a legal conclusion to which no answer is required.  For further answer, the statute speaks for itself.

194.   The allegations in Paragraph 194 state a legal conclusion to which no answer is required.  For further answer, the statute speaks for itself.

195.   The allegations in Paragraph 195 state a legal conclusion to which no answer is required.  For further answer, the statute speaks for itself.

196.   SVSU Defendants deny as untrue the allegations in Paragraph 196.

197.   SVSU Defendants deny as untrue the allegations in Paragraph 197.

## COUNT 7
## DISCRIMINATION AND RETALIATION IN
## VIOLATION OF THE REHABILITATION ACT

198-210.     Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 8
## INTERFERENCE WITH PLAINTIFF'S RIGHTS
## AND RETALIATION UNDER THE FMLA

211-217.     Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 9
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

218.   Defendants hereby incorporate their answers to Paragraphs 1-217 as if fully restated herein.

219.   SVSU Defendants deny as untrue the allegations in Paragraph 219.

220.   SVSU Defendants deny as untrue the allegations in Paragraph 220.

220A.        SVSU Defendants deny as untrue the allegations in Paragraph 220A.  For further answer, the collective bargaining agreement does not provide for the submission of correction plans by pre-tenure faculty.

220B.        SVSU Defendants deny as untrue the allegations in Paragraph 220B.  For further answer, to SVSU Defendants' knowledge no other pre-tenure faculty member has been ever been allowed to submit a correction plan.

220C.        SVSU Defendants deny as untrue the allegations in Paragraph 220C.

220D.        SVSU Defendants admit only that Plaintiff submitted a memo dated June 11, 2012 to Defendant Surfield and provided a copy to Defendant Wetmore and to Human Resources Director Jack VanHoorelbeke in response to the "2011-2012 Correction Plan Report" prepared by the evaluation team.  SVSU Defendants deny as untrue the remaining allegations in Paragraph 220D.   For further answer, the June 11, 2012 memo speaks for itself.

220E.        SVSU Defendants deny as untrue the allegations in Paragraph 220E.  For further answer, to SVSU Defendants' knowledge no other pre-tenure faculty member has been ever been allowed to submit a correction plan.

220F.        SVSU Defendants neither admit nor deny the allegations in Paragraph 220F.

220G.     SVSU Defendants deny as untrue the allegations in Paragraph 220G.

221.   SVSU Defendants deny as untrue the allegations in Paragraph 221.

222.   SVSU Defendants admit only that the collective bargaining agreement provides for three pre-tenure years.   SVSU Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 222.

223.   SVSU Defendants deny as untrue that any provisions in the collective bargaining agreement regarding correction plans apply to pre-tenure faculty.

224.   SVSU Defendants deny as untrue the allegations in Paragraph 224.

225.   SVSU Defendants deny as untrue the allegations in Paragraph 225.

226.   SVSU Defendants deny as untrue the allegations in Paragraph 226. For further answer, the collective bargaining agreement speaks for itself.

227.   The collective bargaining agreement speaks for itself.

228.   SVSU Defendants deny as untrue the allegations in Paragraph 228. For further answer, the tenure denial has been upheld as a result of the SVSU Faculty Association's withdrawal of the grievance which would otherwise have been submitted to the Grievance Resolution Commission for determination.   For further answer, SVSU Defendants are without knowledge or information to respond with respect to the term "ICP".

229.   SVSU Defendants deny as untrue the allegations in Paragraph 229.

230.   SVSU Defendants deny as untrue the allegations in Paragraph 230.

231.   SVSU Defendants admit only that Defendant Lane made a statement at the February 11, 2013 SVSU BOC meeting, the entirety of which is not quoted in Paragraph 231.   SVSU Defendants deny as untrue the remaining allegations in Paragraph 231.

232.   SVSU Defendants deny as untrue the allegations in Paragraph 232. For further answer, any changes made to the language in the collective bargaining agreement were made during the negotiation of a successor agreement between SVSU and the Faculty Association and were for clarification purposes only and did not modify, change or amend the provisions of the agreement and the parties' past practice.

232A.   SVSU Defendants admit only that a successor bargaining agreement between SVSU and the Faculty Association took effect on July 1, 2014. For further answer, any changes made to the language in the collective bargaining agreement were for clarification purposes only and did not modify, change or amend the provisions of the agreement and the parties' past practice.

232B.   SVSU Defendants deny as untrue the allegations in Paragraph 232B.

232C.   SVSU Defendants admit only that Plaintiff filed a correction plan on or about March 10, 2011.   SVSU Defendants deny as untrue that the

collective bargaining agreement provides for correction plans to be filed by pre-tenure faculty.

232D.      SVSU Defendants admit only that a meeting took place in April 2011 to discuss the correction plan submitted by Plaintiff.  SVSU Defendants deny as untrue that the meeting was required by the collective bargaining agreement. SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 232D.

232E.      SVSU Defendants deny as untrue the allegations in Paragraph 232E.

232F.      As the allegations relate to other Defendants, no answer is required.  To the extent an answer is required, SVSU Defendants neither admit nor deny the allegations in Paragraph 232F.

232G.      SVSU Defendants deny as untrue the allegations in Paragraph 232G.

232H.      SVSU Defendants deny as untrue the allegations in Paragraph 232H.

233.   SVSU Defendants deny as untrue the allegations in Paragraph 233.

234.   SVSU Defendants deny as untrue that any provisions in the collective bargaining agreement related to correction plans apply to pre-tenure faculty.

SVSU Defendants deny as untrue any and all alleged violations of the collective bargaining agreement.

234A.   SVSU Defendants deny as untrue the allegations in Paragraph 234A.

235.   SVSU Defendants deny as untrue that the collective bargaining agreement allows for correction plans to be submitted by pre-tenure faculty.   For further answer, to SVSU Defendants' knowledge no other pre-tenure faculty member has been ever been allowed to submit a correction plan.

236.   SVSU Defendants deny as untrue the allegations in Paragraph 236.

237.   SVSU Defendants deny as untrue the allegations in Paragraph 237.

238.   SVSU Defendants deny as untrue the allegations in Paragraph 238.

239.   SVSU Defendants deny as untrue that the November 1 notice provision in Section H.2.1.2. applied in Plaintiff's situation.   For further answer, Plaintiff had already received three pre-tenure years.

240.   SVSU Defendants deny as untrue that the November 1 notice provision in Section H.2.1.2. applied in Plaintiff's situation.   For further answer, Plaintiff had already received three pre-tenure years.

241.   SVSU Defendants deny as untrue the allegations in Paragraph 241.

242.   SVSU Defendants deny as untrue the allegations in Paragraph 242.

243.   SVSU Defendants deny as untrue the allegations in Paragraph 243.

244.   SVSU Defendants deny as untrue the allegations in Paragraph 244.

245.    SVSU Defendants deny as untrue the allegations in Paragraph 245.

246.    SVSU Defendants deny as untrue the allegations in Paragraph 246.

247.    SVSU Defendants deny as untrue the allegations in Paragraph 247.

248.    As the allegations relate to other Defendants, no answer is required. To the extent an answer is required, SVSU Defendants neither admit nor deny the allegations in Paragraph 248.

249.    SVSU Defendants deny as untrue the allegations in Paragraph 249.

250.    SVSU Defendants deny as untrue the allegations in Paragraph 250.

251.    SVSU Defendants deny as untrue the allegations in Paragraph 251.

252.    SVSU Defendants deny as untrue the allegations in Paragraph 252.

253.    SVSU Defendants deny as untrue the allegations in Paragraph 253.

## COUNT 10
## BREACH OF DUTY OF FAIR REPRESENTATION

254.    Defendants hereby incorporate their answers to Paragraphs 1-253 as if fully restated herein.

255-286E.    As the allegations relate to other Defendants, no answer is required.  To the extent an answer is required, SVSU Defendants neither admit nor deny the allegations in Paragraphs 255-286E.

287.    SVSU Defendants deny as untrue any and all allegations against Defendants Wetmore and Bachand.    As the remaining allegations in Paragraph 287 relate to other Defendants, no answer is required.  To the extent an answer is

required, SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 287.

288-290.   As the allegations relate to other Defendants, no answer is required.  To the extent an answer is required, SVSU Defendants neither admit nor deny the allegations in Paragraphs 288-290.

291.  SVSU Defendants deny as untrue any and all allegations against Defendant SVSU.  As the remaining allegations in Paragraph 291 relate to other Defendants, no answer is required.  To the extent an answer is required, SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 291.

292-294.   As the allegations relate to other Defendants, no answer is required.  To the extent an answer is required, SVSU Defendants neither admit nor deny the allegations in Paragraphs 292-294.

295.  SVSU Defendants deny as untrue any and all allegations against Defendant SVSU.  As the remaining allegations relate to other Defendants, no answer is required.  To the extent an answer is required, SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 295.

296-304.   As the allegations relate to other Defendants, no answer is required.  To the extent an answer is required, SVSU Defendants neither admit nor deny the allegations in Paragraphs 296-304.

305.   SVSU Defendants deny as untrue any and all alleged breaches of the collective bargaining agreement.   As the remaining allegations relate to other Defendants, no answer is required.   To the extent an answer is required, SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 305.

306-307.   As the allegations relate to other Defendants, no answer is required.  To the extent an answer is required, SVSU Defendants neither admit nor deny the allegations in Paragraphs 306-307.

308.   SVSU Defendants deny as untrue any and all alleged breaches of the collective bargaining agreement.   As the remaining allegations relate to other Defendants, no answer is required.   To the extent an answer is required, SVSU Defendants neither admit nor deny the remaining allegations in Paragraph 308.

## COUNT 11
## DENIAL OF PROCEDURAL DUE PROCESS AND TAKING OF LIBERTY AND PROPERTY INTERESTS

309-346.   Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 12
## DENIAL OF SUBSTANTIVE DUE PROCESS

347-363.   Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 13
## VIOLATION OF EQUAL PROTECTION CLAUSE OF 14TH AMENDMENT

364-381.    Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 14
## WRONGFUL DISCHARGE

382-385.    Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 15
## RETALIATORY ACTIONS AND DISCHARGE IN VIOLATION OF PUBLIC POLICY

386-396.    Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 16
## HOSTILE WORK ENVIRONMENT

397-406.    Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 17
## DISCRIMINATORY COMPENSATION

407-415.    Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 18
## TORTIOUS INTERFERENCE WITH CONTRACT

416.   Defendants hereby incorporate their answers to Paragraphs 1-415 as if fully restated herein.

417.   The allegations in Paragraph 417 state a legal conclusion to which no answer is required.

418.   SVSU Defendants deny as untrue the allegations in Paragraph 418.

419.   The allegations in Paragraph 419 state a legal conclusion to which no answer is required.

420.   SVSU Defendants deny as untrue the allegations in Paragraph 420.

421.   SVSU Defendants deny as untrue the allegations in Paragraph 421.

422.   The allegations in Paragraph 422 state a legal conclusion to which no answer is required.

423.   SVSU Defendants admit only that there is collective bargaining agreement known as the Faculty Contract between SVSU and the SVSU Faculty Association.   SVSU Defendants deny as untrue all remaining allegations in Paragraph 423.

424.   SVSU Defendants deny as untrue the allegations in Paragraph 424.

425.   SVSU Defendants deny as untrue the allegations in Paragraph 425.

426.   SVSU Defendants deny as untrue the allegations in Paragraph 426.

## COUNT 19
## TORTIOUS INTERFERENCE WITH A
## BUSINESS RELATIONSHIP OR EXPECTANCY

427.   Defendants hereby incorporate their answers to Paragraphs 1-426 as if fully restated herein.

428.   SVSU Defendants deny as untrue the allegations in Paragraph 428.

429.   SVSU Defendants deny as untrue the allegations in Paragraph 429.

430.   SVSU Defendants deny as untrue the allegations in Paragraph 430.

431.   SVSU Defendants deny as untrue the allegations in Paragraph 431.

432.   SVSU Defendants deny as untrue the allegations in Paragraph 432.

433.   SVSU Defendants admit only that they were aware of the existence of the Faculty Contract between SVSU and the SVSU Faculty Association.   SVSU Defendants deny as untrue all remaining allegations in Paragraph 433.

434.   SVSU Defendants neither admit nor deny the allegations in Paragraph 434.

435.   SVSU Defendants deny as untrue the allegations in Paragraph 435.

436.   SVSU Defendants deny as untrue the allegations in Paragraph 436.

437.   SVSU Defendants deny as untrue the allegations in Paragraph 437.

438.   SVSU Defendants deny as untrue the allegations in Paragraph 438.

## COUNT 20
## <u>CIVIL CONSPIRACY</u>

439-454.    Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 21
## <u>INVASION OF PRIVACY</u>

455-467.    Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 22
## <u>CONCERT OF ACTION</u>

468-473.    Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 23
## <u>PROMISSORY ESTOPPEL</u>

474-478.    Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 24
## <u>FRAUD AND MISREPRESENTATION</u>

479-492.    Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 25
## SILENT FRAUD

493-501.   Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 26
## INFLICTION OF EMOTIONAL DISTRESS

502-539.   Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 27
## COMPELLED SELF-DEFAMATION

540-546.   Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

## COUNT 28
## VIOLATION OF 4TH AND 9TH AMENDMENT RIGHTS

547-553.   Subject to SVSU Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

WHEREFORE, the Defendants, Saginaw Valley State University, Donald Bachand, Jill Wetmore, Deborah Huntley, David Abbs, Scott Carmona, Cathy Ferguson, David Gamez, Eric Gilbertson, Jeffrey Martin, Jenee Velasquez, Leola Wilson, Jerome Yantz and Susie Emond, respectfully request that this Honorable Court enter a judgment of no cause of action and award attorney fees and costs incurred.

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, Saginaw Valley State University, Donald Bachand, Jill Wetmore, Deborah Huntley, David Abbs, Scott Carmona, Cathy Ferguson, David Gamez, Eric Gilbertson, Jeffrey Martin, Jenee Velasquez, Leola Wilson, Jerome Yantz and Susie Emond, by and through their Attorneys, Braun Kendrick Finkbeiner P.L.C., and for their Affirmative Defenses state as follows:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Defendant SVSU is immune from liability for any alleged damages pursuant to the 11th Amendment, sovereign immunity and the Michigan Governmental Immunity Act.

3.      Plaintiff's claims against Defendant SVSU and the individual Defendants in their official capacity are claims against the State of Michigan itself. The State may not be sued in state or federal court under 42 U.S.C. §1983. Therefore, any claims by Plaintiff for retrospective relief against the Defendant SVSU or against the individual Defendants in their official capacity are barred.

4.      Plaintiff's constitutional claims against the individual Defendants are barred in whole, or in part, by the doctrine of qualified immunity because their actions were justified by an objectionably reasonable belief that their conduct was lawful and not in violation of clearly-established constitutional rights.

5.      Plaintiff did not have a property interest in continued employment.

6.      Plaintiff was provided adequate pre-deprivation and post-deprivation process.

7.      Plaintiff's claims against the individual Defendants are barred by governmental immunity pursuant to the Michigan Governmental Immunity Act.

8.      SVSU Defendants are protected by the qualified privilege that extends to all communications made bona fide upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty, to a person having a corresponding interest or duty.

9.      Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

10.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

11.     Plaintiff's claims for equitable relief may be barred, in whole or in part, by the doctrine of laches.

12.     Plaintiff's claims for equitable relief may be barred, in whole or in part, by the doctrine of unclean hands.

13.     Plaintiff's exclusive remedy for alleged breaches of the collective bargaining agreement is the grievance procedure set forth in the collective bargaining agreement.

14.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel.

15.     Plaintiff's damages, if any, are the result of her own acts or omissions for which the SVSU Defendants are not responsible.

16.     Plaintiff may have failed to mitigate her damages.

17.     SVSU Defendants reserve their opportunity to amend their Affirmative Defenses at or before the conclusion of discovery.

WHEREFORE, the Defendants, Saginaw Valley State University, Donald Bachand, Jill Wetmore, Deborah Huntley, David Abbs, Scott Carmona, Cathy Ferguson, David Gamez, Eric Gilbertson, Jeffrey Martin, Jenee Velasquez, Leola Wilson, Jerome Yantz and Susie Emond, respectfully request that this Honorable Court enter a judgment of no cause of action and award attorney fees and costs incurred.

## **RELIANCE ON JURY DEMAND**

NOW COME the Defendants, Saginaw Valley State University, Donald Bachand, Jill Wetmore, Deborah Huntley, David Abbs, Scott Carmona, Cathy Ferguson, David Gamez, Eric Gilbertson, Jeffrey Martin, Jenee Velasquez, Leola Wilson, Jerome Yantz and Susie Emond, by and through their Attorneys, Braun Kendrick Finkbeiner P.L.C., and hereby state their reliance upon the jury demand previously filed by Plaintiff in this matter.

Dated:  February 23, 2015          By:   /s/Jamie Hecht Nisidis
                                          JAMIE HECHT NISIDIS
                                          Attys for SVSU Defendants
                                          4301 Fashion Square Boulevard
                                          Saginaw, Michigan  48603
                                          989-498-2100
                                          jamnis@braunkendrick.com
                                          (P48969)

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys registered with the ECF system.

s/ Jamie Hecht Nisidis

JAMIE HECHT NISIDIS
Braun Kendrick Finkbeiner P.L.C.
Attys for SVSU Defendants
4301 Fashion Square Boulevard
Saginaw, Michigan  48603
989-498-2100
jamnis@braunkendrick.com
(P48969)
