UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R. L. ROSS,

    Plaintiff,

vs.

DONALD BACHAND, personally, and
in his capacity as former Provost and
President of Saginaw Valley State
University, et al,

    Defendants.

Case No. 1:14-cv-14122

Hon. Thomas L. Ludington

---

### DEFENDANTS BACHAND, WETMORE, HUNTLEY, ABBS, CARMONA, FERGUSON, GAMEZ, GILBERTSON, MARTIN, VELASQUEZ, WILSON, YANTZ, EMOND AND SAGINAW VALLEY STATE UNIVERSITY'S MOTION FOR CLARIFICATION OF APRIL 20, 2015 ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

NOW COME the Defendants, Saginaw Valley State University, Donald Bachand, Jill Wetmore, Deborah Huntley, David Abbs, Scott Carmona, Cathy Ferguson, David Gamez, Eric Gilbertson, Jeffrey Martin, Jenee Velasquez, Leola Wilson, Jerome Yantz and Susie Emond ("SVSU Defendants"), by and through their Attorneys, Braun Kendrick Finkbeiner P.L.C., and for their Motion for Clarification of April 20, 2015 Order Granting Defendants' Motion to Dismiss state as follows:

1. On February 20, 2015, the SVSU Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6), seeking dismissal of all or a portion of 22 counts in Plaintiff's Amended Complaint as to some or all of the SVSU Defendants. (Dkt. 30).

2. On April 20, 2015, this Court issued its Order Granting Defendants' Motion to Dismiss. (Dkt. 51).

3. The Order, on its face, grants the SVSU Defendants' Motion in its entirety. Section IV of the Order, however, which specifically sets forth the dismissal orders of the Court, does not make reference to several counts (or portions thereof) that were addressed in the SVSU Defendants' Motion and supporting Brief.[1] Thus, the SVSU Defendants seek clarification of the scope of the Order.

4. In their Motion to Dismiss, the SVSU Defendants sought dismissal of ADA and FMLA claims for money damages against SVSU, as set forth in Counts

---

[1] The SVSU Defendants recognize the complexity resulting from the length of Plaintiff's Amended Complaint and from the numerous arguments made by the SVSU Defendants in their Motion to Dismiss, many of which only address portions of certain claims or only address certain Defendants. This Motion should not be construed as a criticism of the Court's handling of the matter or of the Order issued by the Court. The SVSU Defendants simply seek clarification of the scope of the Order to ensure that they understand which claims (or portions of claims) remain pending as to which Defendants. Importantly, Plaintiff has now also filed a Court of Claims action against most of the SVSU Defendants, being Michigan Court of Claims Case No. 15-38-MZ. The Court of Claims action includes 22 separate counts -- the majority of which are also alleged in the present action.

1, 2, 3, 8, 16 and 17, on the ground of 11th Amendment immunity. (Dkt. 30, pp 8-10).

5. In her response, Plaintiff argued only that SVSU was not an arm of the State entitled to 11th Amendment immunity. Plaintiff did not claim that SVSU waived the immunity or that Congress abrogated the immunity. (Dkt. 39, p 20).

6. This Court found that SVSU is an arm of the State entitled to 11th Amendment immunity for purposes of the Section 1983 claims for money damages. (Dkt. 51, pp 4-5). The same rationale is applicable to the ADA and FMLA claims for money damages against SVSU, yet the Court did not address the 11th Amendment defense as to the ADA and FMLA claims against SVSU in the body of its Order or in Section IV of the Order.

7. Additionally, while the Court specifically found that, with regard to her ADA claims, Plaintiff failed to exhaust her administrative remedies for all allegedly discriminatory acts occurring prior to June 26, 2013, thereby leaving only Plaintiff's ADA claims based on the June 28, 2013 termination actionable (Dkt. 51 pp 7-9), the Court did not specifically dismiss the untimely ADA claims against SVSU in Section IV of the Order.

8. Count 1 (ADA discrimination) and Count 3 (ADA retaliation) are based, in part, on the June 28, 2013 termination. Count 2 (ADA failure to accommodate), Count 16 (ADA hostile environment) and Count 17 (ADA

discriminatory compensation) are not based on the termination.

9. Lastly, the Court found that "Ross's claims against Defendants in their individual capacities for violation of the ADA, FMLA, and Rehabilitation Act will be dismissed with prejudice." (Dkt. 51, p 10). Section IV of the Order dismisses with prejudice several claims against the individual Defendants in their individual capacity, including Counts 7 and 17 under the Rehabilitation Act. (Dkt. 51, pp 18-19). Count 16 (hostile environment) is also brought, in part, under the Rehabilitation Act (Dkt. 23, p 146), and pursuant to the Court's finding, is also subject to dismissal as to the individual Defendants in their individual capacity.[2]

8. If it was the Court's intent to: (1) dismiss with prejudice all ADA and FMLA money damage claims against SVSU pursuant to the 11th Amendment; (2) to dismiss with prejudice all ADA claims (for any and all forms of relief) against SVSU to the extent said claims are based on allegedly discriminatory actions occurring prior to June 26, 2013; (3) to dismiss Plaintiff's ADA post-litigation retaliation claims based on the failure to exhaust administrative remedies; and (4) to dismiss with prejudice all Rehabilitation Act claims against the Defendants in

---

[2] This omission may be the result of the SVSU Defendants' inadvertent failure to identify Count 16 as one of the Rehabilitation Act claims in their argument on this issue. (Dkt. 30, p 18). There is nothing unique about Count 16 that would except it from the Court's finding that there is no individual liability under the Rehabilitation Act. The SVSU Defendants ask the Court to excuse this inadvertence in light of the length and complexity of Plaintiff's Amended Complaint.

their individual capacities, then the SVSU Defendants respectfully ask that the Court clarify its Order to include that:

- Ross's claims for violations of the ADA and the FMLA against SVSU and the Defendants in their official capacities (Counts 1, 2, 3, 8, 16 and 17) are barred by the 11th Amendment and are dismissed with prejudice to the extent that Ross seeks to recover money damages.

- Ross's claims for violations of the ADA against SVSU and the Defendants in their official capacities (Counts 1, 2, 3, 16 and 17) are barred by the failure to exhaust administrative remedies and by the statute of limitations and are dismissed with prejudice to the extent the claims are based on allegedly discriminatory action occurring prior to June 26, 2013. Thus, Counts 1 and 3 are dismissed except to the extent they are based on the June 28, 2013 termination, and Counts 2, 16 and 17 are dismissed in their entirety as to the ADA.

- Ross's claim for violation of the ADA against SVSU and the Defendants in their official capacity based on Defendants' post-litigation conduct (included in Count 3) is barred by the failure to exhaust administrative remedies, and Count 3 is dismissed to the extent it is based on post-litigation conduct.

- Ross's claim for violation of the Rehabilitation Act against the Defendants in their individual capacities (Count 16) is dismissed with prejudice.

9. Pursuant to Local Rule 7.1(a), concurrence of Plaintiff was requested on April 21, 2015. Plaintiff concurs in the request for the Court to clarify the scope of its Order but does not concur in the SVSU Defendants' interpretation of the Court's Order or proposed additional language.

WHEREFORE, the Defendants, Saginaw Valley State University, Donald Bachand, Jill Wetmore, Deborah Huntley, David Abbs, Scott Carmona, Cathy Ferguson, David Gamez, Eric Gilbertson, Jeffrey Martin, Jenee Velasquez, Leola

Wilson, Jerome Yantz and Susie Emond, respectfully request this Honorable Court enter an Order clarifying the scope of the Court's April 20, 2015 Order Granting Defendants' Motion to Dismiss.

Dated: April 21, 2015  By:  s/Jamie Hecht Nisidis
JAMIE HECHT NISIDIS
Braun Kendrick Finkbeiner P.L.C.
Attys for SVSU Defendants
4301 Fashion Square Boulevard
Saginaw, Michigan  48603
989-498-2100
jamnis@braunkendrick.com
(P48969)

## BRIEF IN SUPPORT OF MOTION FOR CLARIFICATION

## ARGUMENT

For the reasons stated in the Motion, the SVSU Defendants seek clarification of the scope of the Court's April 20, 2015 Order Granting Defendants' Motion to Dismiss.

WHEREFORE, the Defendants, Saginaw Valley State University, Donald Bachand, Jill Wetmore, Deborah Huntley, David Abbs, Scott Carmona, Cathy Ferguson, David Gamez, Eric Gilbertson, Jeffrey Martin, Jenee Velasquez, Leola Wilson, Jerome Yantz and Susie Emond, respectfully request this Honorable Court enter an Order clarifying the scope of the Court's April 20, 2015 Order Granting Defendants' Motion to Dismiss.

Dated: April 21, 2015        By:  s/Jamie Hecht Nisidis
                                  JAMIE HECHT NISIDIS
                                  Braun Kendrick Finkbeiner P.L.C.
                                  Attys for SVSU Defendants
                                  4301 Fashion Square Boulevard
                                  Saginaw, Michigan  48603
                                  989-498-2100
                                  jamnis@braunkendrick.com
                                  (P48969)

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys registered with the ECF system.

                                        s/ Jamie Hecht Nisidis
                                        JAMIE HECHT NISIDIS
                                        Braun Kendrick Finkbeiner P.L.C.
                                        Attys for SVSU Defendants
                                        4301 Fashion Square Boulevard
                                        Saginaw, Michigan 48603
                                        989-498-2100
                                        jamnis@braunkendrick.com
                                        (P48969)