UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R. L. ROSS,

        Plaintiff,                                Case No. 14-cv-14122

v                                                Honorable Thomas L. Ludington

DONALD BACHAND, et al.,

        Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, CANCELLING HEARING, AND DENYING DEFENDANTS' MOTION TO TAX COSTS

On February 2, 2015, Plaintiff R. L. Ross filed an amended complaint against Defendant Saginaw Valley State University and more than thirty individuals affiliated with the university. Ross claims that Defendants violated a plethora of her federal and state law rights when they denied her tenure and terminated her employment.

On February 20, 2015, some of the Defendants (SVSU, David Abbs, Donald Bachand, Scott Carmona, Susie Emond, Cathy Ferguson, David Gamez, Eric Gilbertson, Deborah Huntley, Jeffrey Martin, Jenee Velasquez, Leola Wilson, Jill Wetmore, and Jerome Yantz) filed a motion to dismiss several claims in Ross's amended complaint, which was granted on April 20, 2015. *See* ECF No. 51.

On June 5, 2015, the remaining Defendants filed a motion to dismiss many of the same claims dismissed against the first group of Defendants. The instant motion to dismiss will be granted in part and denied in part for the reasons set forth below.

**I.**

R.L. Ross was an Assistant Professor at SVSU from January 2008 through June 30, 2013. Am. Compl. ¶ 16. Although the amended complaint includes limited factual information, the focal point of Ross's claims appears to arise from the denial of tenure in 2012 and 2013 and the termination of her employment on June 30, 2013. Ross generally claims that, throughout her time at SVSU, the Defendants conspired to give her poor performance reviews that would result in the denial of tenure. Defendants also made "consistently false and misleading" statements and refused to appoint Ross to SVSU Committees that would help Ross obtain tenure.

After she was denied tenure a second time in May 2013, Ross filed a grievance with the Faculty Association. Ross claims that Defendants commenced an illegal investigation into her private life in an attempt to intimidate her into dropping the grievance. In June 2013, Defendants terminated Ross's employment. In April 2014, Ross filed a charge with EEOC, claiming that Defendants had discriminated against her because of her disability—"severe, persistent asthma". Am. Compl. ¶ 184.

On October 27, 2014, Ross filed her initial complaint against SVSU and numerous individuals affiliated with the school. Ross subsequently amended her complaint on February 2, 2015, adding even more individuals and more claims.

On February 20, 2014, SVSU and several individual Defendants moved to dismiss many of the claims in the amended complaint; the motion was granted on April 20, 2015.

On June 5, 2015, the remaining Defendants filed a motion to dismiss many of those same claims for the same reasons. The Defendants currently moving for dismissal are:

- the SVSU Faculty Association

- Defendants Deborah Bishop, Shaun Bangert, Brooks Byam, Stewart French, Mark McCartney, William Williamson, Hong Park, Christopher Surfield, Surrender Reddy,

  Erik Trump, Gretchen Owocki, Patricia Cavanaugh, Marcia Shannon, John Mooningham, and Robert Tuttle, all of whom are faculty at SVSU,

- Defendant Saun Strobel, who is a Uniserv Director employed by the Michigan Education Association and assigned to represent the faculty employed at SVSU.

## II.

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Ross is representing herself *pro se*. However, because Ross is a licensed attorney practicing in this District, her amended complaint is not entitled to the liberal construction generally afforded to the pleadings of *pro se* plaintiffs. *See Sabeti v. Maron*, 2012 WL 2001717 (E.D.N.Y. June 4, 2012) (practicing attorney's complaint not entitled to liberal *pro se* construction); *Foulke v. VA State Police*, 2012 WL 4356692, *1 n.1 (W.D. Va. Sept. 24, 2012) (active member of Virginia bar's complaint not entitled to extra measure of liberal construction);

*Zanke-Jodway v. Capital Consultants, Inc.*, 2010 WL 776743 (W.D. Mich. March 3, 2010) (attorney proceeding *pro se* is presumed to be aware of the rules of federal procedure).

### III.

The Defendants first seek to dismiss Ross's ADA, FMLA, and Rehabilitation Act claims against them in the individual capacities. The Defendants contend that these statutes do not provide for individual liability for violations.

The Sixth Circuit has repeatedly held that there is no individual liability under the ADA or the Rehabilitation Act. *See Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002) (no individual liability under ADA); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004) (no individual liability under § 504 of the Rehabilitation Act); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) (no individual liability under the Rehabilitation Act); *Mitchell v. Chapman*, 343 F.3d 811, 825-26 (6th Cir. 2003) (the FMLA does not provide for individual liability against a public employer); *Diaz v. Michigan Dep't of Corrs.*, 703 F.3d 956, 961 (6th Cir. 2013) (state employees cannot recover from state officials in their individual capacities for alleged violations of the FMLA). Accordingly, Ross's claims against Defendants in their individual capacities for violation of the ADA, FMLA, and Rehabilitation Act will be dismissed with prejudice.

### IV.

Defendants next seek dismissal of Ross's claims for discrimination and retaliation in violation of Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq*. ("ELCRA"). ELCRA prohibits discrimination and retaliation on the basis of "religion, race, color, national origin, age, sex, height, weight, familial status, or marital status . . . ." Mich. Comp. Laws § 37.2102.

Ross asserts an ELCRA violation claim based not on any of the ten characteristics listed above, but rather on her disability: "Plaintiff's disability was the reason and//or at least one factor that made a difference in Defendant's decision to terminate Plaintiff from her position as an Assistant Professor." Am. Compl. ¶ 149. "Disability" is not a protected category under ELCRA, however. Therefore, Ross's ELCRA claims will be dismissed.

## V.

Defendants next seek to dismiss Ross's ADA claims against them because she did not file an EEOC charge against them before filing suit. As a prerequisite to a suit, an employee must first file a charge with the EEOC for an alleged violation of the ADA. Although Ross filed an EEOC charge, she named only SVSU in the charge. Defendants claim that, because they were not named in the EEOC charge, the ADA charges against them must be dismissed.

"As a general rule, failure to name a party in an EEOC complaint precludes later civil action against that individual in court." *Lynn v. JER Corp.*, 573 F. Supp. 17, 19 (M.D. Tenn. 1983) (citing *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1092 (6th Cir. 1974)). "There is a limited exception to this general rule when the unnamed party in the EEOC charge has a 'clear identity of interest' with the party actually sued." *Szoke v. United Parcel Svs. of Am., Inc.*, 398 F. App'x 145, 153-54 (6th Cir. 2010) (citing *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1480-81 (6th Cir. 1990)). For the "identity of interest" exception to apply, the Sixth Circuit requires that "the named and unnamed parties . . . be 'virtual alter egos.'" *Id.* (citing *Knafel*, 899 F.2d at 1481).

However, the "identity of interest" exception appears to only apply when "laymen, unassisted by trained lawyers, initiate the process of filing a charge with the EEOC," because laypeople are not expected to be familiar with the "procedural exactness" required in stating an

EEOC charge. Ross, as noted above, is not a layperson—she is a licensed attorney admitted to practice in the State of Michigan and in the Eastern District of Michigan. Accordingly, this Court is under no obligation to construe her EEOC charge liberally. *See Berryman v. Supervalu Holdings, Inc.*, 2008 WL 696649, at *2 (S.D. Ohio Mar. 13, 2008) ("[T]he Sixth Circuit instructs that courts generally require a 'broad reading of the charge because most Title VII claimants are unschooled in the technicalities of the law and proceed without counsel"; if, however, a claimant is aided by counsel in preparing his charge, "liberal construction is not necessary.'" (quoting *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546 (6th Cir. 1991)).

Ross states, without supporting citation, that it is not "require[d] that each and every employee participating in the discriminatory activity and retaliation be named in the EEOC complaint." Resp. at 14. Sixth Circuit case law directly contradicts this statement; when a plaintiff is seeking to sue each and every employee participating in the discriminatory activity and retaliation, each and every employee must be named.[1] *See Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984) ("It is well settled that party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC . . . .").

But even if this Court construes Ross's ADA claim liberally, she has not sufficiently shown that the identity of interest exception applies. Ross does not plead that the Defendants had actual notice of her EEOC filings despite their failure to be named, nor does she plead that interests of the individual faculty members, the faculty association, and the Uniserv director are so similar to SVSU's that it would be unnecessary to include them in the EEOC charge.

---

[1] In practice, of course, an EEOC charge rarely names each and every single individual who engaged in retaliatory or discriminatory acts because there generally is *no individual liability* under the ADA. Defendants have not, however, moved to dismiss any ADA claims on this ground.

- 6 -

Accordingly, there is not identity of interest and Ross's ADA claims against the Defendants will be dismissed.

### VI.

Defendants next seek dismissal of Ross's PWDCRA claim for failure to meet the basic pleading requirements set forth in Federal Rule of Civil Procedure 8. In her amended complaint, Ross claims that "Defendants discriminated against Plaintiff because of her disability." Am. Compl. ¶ 186. It appears that the thrust of her claim, however, is that "Plaintiff was discriminated against, within the meaning of the PDCRA, when *Defendant SVSU* terminated Plaintiff because of her disability . . . ." and "Defendants'[sic] Wetmore and Bachand refused to allow Plaintiff to make minor alterations to Plaintiff's schedule to accommodate Plaintiff's qualifying disability." Am. Compl. ¶¶ 167, 173.

To state a claim for discrimination in violation of the PWDCRA, she must allege that: (1) she is "disabled" as defined by the statute; (2) the disability is unrelated to her ability to perform the duties of a particular job; and (3) she has been discriminated against in one of the ways set forth in the statute." *Chiles v. Machine Shop, Inc.*, 606 N.W.2d 398, 405 (Mich. Ct. App. 1999). Ross has not identified the ways in which the moving Defendants discriminated or retaliated against her, and therefore the third element is not sufficiently alleged. Therefore, the PWDCRA claims against Defendants will be dismissed.

### VII.

Defendants next seek dismissal of the breach of contract claims against them. They claim that because Ross is not a party to the Collective Bargaining Agreement ("CBA"), they cannot be liable for breaching it.

Despite being referenced numerous times in the amended complaint and providing the foundation for many of Ross's claim, the CBA is not attached to Ross's amended complaint. Nor did the Defendants attach it to their motion to dismiss. Therefore, this Court has no way of knowing who is or is not a party to the CBA. Therefore, given the lack of information, the Court must deny Defendants' request to dismiss Ross's breach of contract claim at this stage.

## VIII.

The individual Defendants next seek dismissal of Ross's claim for wrongful discharge. The foundation of Ross's wrongful discharge appears to be the tort of negligent evaluation of an employee.[2] Am. Compl. ¶ 385. Although not at all explained in her amended complaint, it appears that Ross contends that Defendants negligently evaluated her employment record, resulting in the termination of her employment.

However, both the Sixth Circuit and the Michigan Court of Appeals have rejected the theory of negligent evaluation where—as here—the duty arises solely from the employment contract. *Brock v. Consolidated Biomedical Laboratories*, 817 F.2d 24, 25 (6th Cir. 1987); *Haas v. Montgomery Ward and Co.*, 812 F.2d 1015, 1016 (6th Cir. 1987); *Loftis v. G.T. Products, Inc.*, 167 Mich. App. 787 (1988) (reversing trial court's denial of summary judgment to employer on claim of negligent evaluation of work performance where "plaintiff's complaint does not allege a breach of duty distinct from the alleged breach of the employment contract"). Here, Ross's employment was governed by the CBA, and therefore any duty owed by SVSU arose from the CBA. Accordingly, Ross's claim for wrongful discharge for negligent evaluation will be dismissed with prejudice.

## VIIII.

---

[2] To the extent that Ross claims that the discharge was wrongful because it violated the CBA or because it violated public policy, it is duplicative of Count 9-Breach of CBA and Count 15-Retaliation in Violation of Public Policy.

The individual Defendants next seek dismissal of Ross's claim for retaliation in violation of public policy. Michigan's general rule regarding termination of an at-will employee is that either party may terminate the employment contract at any time for any or no reason. *See Morrison v. B. Braun Medical, Inc.*, 663 F.3d 251, 256 (6th Cir. 2011). Wrongful termination in violation of public policy is an exception to the at-will employment doctrine. *Jewel v. Chrysler, LLC*, 2014 WL 764660, at *5 (E.D. Mich. Feb. 25, 2014). Here, Ross is not an at-will employee; rather, she had a collective bargaining agreement with SVSU. Accordingly, because she was not an at-will employee, Ross cannot state a claim for retaliation in violation of public policy. Count 15 of Ross's Amended Complaint, as applied against Defendants in their individual and official capacities, will be dismissed.

**X.**

Defendants seek dismissal of Ross's Fourth and Ninth Amendment claims. In her amended complaint, Ross claims that Defendants violated her Fourth and Ninth Amendment rights by "instigat[ing] an unlawful investigation into Plaintiff's private life in the Spring of 2013" and by "spying on the private life of a citizen . . . ." Am. Compl. ¶ 552-553.

The Fourth Amendment provides in part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . . ." The fundamental purpose of the Fourth Amendment "is to safeguard the privacy and security of individuals against arbitrary invasions by government officials." *Camara v. Municipal Court*, 387 U.S. 523, 528 (1967). Not all government actions are invasive enough to implicate the Fourth Amendment. *United States v. Warshak*, 631 F.3d 266, 284 (6th Cir. 2010).

Here, Ross has not identified the government actions that violated her Fourth Amendment rights. Instead, she once again asserts legal conclusion without any accompanying facts. This does not meet the pleading standards required by the Federal Rules of Civil Procedure, and her Fourth and Ninth Amendment claims will be dismissed for failure to state a claim.

## XI.

Defendants next seek dismissal of Ross's Fourteenth Amendment claims for money damages against them. In general, Ross claims that Defendants violated her due process rights and denied her equal protection when she was denied tenure and when her employment was terminated without a hearing.

### A.

Section 1983 creates a private cause of action for violations of constitutional rights—including Fourteenth Amendment rights—committed by a "person" acting under the color of state law. 42 U.S.C. § 1983. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) ("[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted."). Under Michigan law, public universities such as SVSU are considered to be arms of the State. *Hill v. Bd. of Trustees of Michigan State University*, 182 F. Supp. 2d 621, 625 (W.D. Mich. 2001) (Michigan State University is an arm of the State of Michigan and not a "person" under § 1983; *McPike-McDyess v. Regents of the University of Michigan*, 2015 WL 626769, at *1 (E.D. Mich. Feb. 12, 2015) ("University of Michigan is an arm of the State of Michigan, and hence is cloaked with sovereign immunity); *Dillon-Barber v. Regents of University of Michigan*,

51 F. App'x 946 (6th Cir. 2002) ("That dismissal was properly granted with prejudice because, as the district court properly pointed out, as an arm of the state, the University is not a "person" under § 1983.") Consequently, Defendants in their official capacities, *i.e.* SVSU, are not "persons" that may be sued for money damages under § 1983. Accordingly, the motion to dismiss Ross's § 1983 claims for money damages will be granted.[3]

**B.**

Defendants also claim that Ross's § 1983 claims against them in their individual capacities should be dismissed because they are entitled to qualified immunity. Government officials who perform discretionary functions are generally entitled to qualified immunity, and are protected from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant raises qualified immunity as a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to that defense. *Baker v. City of Hamilton*, 471 F.3d 601, 605(6th Cir. 2006).

Here, Ross has not carried her burden of demonstrating that Defendants are not entitled to qualified immunity. She has not explained or sufficiently alleged the actions taken by Defendants that allegedly violated her constitutional rights, nor has she shown that those rights were clearly established at the time. Instead, she claims that the Defendants acted with "malice and bad faith", which is insufficient to defeat a claim of qualified immunity. Accordingly, the Fourteenth Amendment claims against Defendants in their individual capacities will be dismissed because they are entitled to qualified immunity.

---

[3] Defendants may, however, be sued in their official capacities for injunctive relief. "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983." *McKenna v. Bowling Green State Univ.*, 568 F. App'x 450, 456 n.1 (6th Cir. 2014) (quoting *Will*, 491 U.S. at 71 n.10). To the extent that Ross is seeking injunctive relief against Defendants in their official capacities under § 1983, these claims will not be dismissed.

**XII.**

Defendants next seek dismissal of Ross's claims for tortious interference with a contract and with a business relationship. Defendants claim that Ross has failed to plead specific, affirmative acts of fraud that would constitute interference as required by the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

In general, however, courts have not applied Rule 9's heightened pleadings standards to claims of tortious interference under Michigan law. *See Reliable Carriers, Inc. v. Excellence Auto Carriers, Inc.*, 2012 WL 1931519, at *2 (E.D. Mich. May 29, 2012); *Beirut Traders Co. v. Neiman Marcus Grp., Inc., Maersk, Inc.*, 2009 WL 3460674, at *1 (E.D. Mich. Oct. 22, 2009); *United Rentals (NA) v. Keizer, et al.*, 2001 WL 35916111, at *6 (W.D. Mich. Mar. 13, 2001). Instead, a plaintiff must allege: (1) the existence of a valid business relationship/contract[4]; (2) knowledge of the relationship/contract by the interferer; (3) an intentional interference causing a breach of contract or termination of the relationship; and (4) damage to the party whose relationship or contract was disrupted. *Giasson Aerospace Science, Inc. v. RCO Engineering, Inc.*, 2010 WL 360419, at *2 (E.D. Mich. Jan. 22, 2010). Moreover, a plaintiff must "allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *Id*. (quoting *Michigan Podiatric Med. Ass'n v. National Foot Care Program, Inc.*, 438 N.W.2d 349, 354-55 (Mich. Ct. App. 1989).

Ross has met these pleading requirements. Her amended complaint alleges that she had a valid business relationship with SVSU and a CBA; that Defendants had knowledge of the relationship and contract; that they intentionally interfered by making "false, fraudulent, and

---

[4] As noted above, Defendants claim that Ross is not a party to the CBA, while Ross claims she is. Neither party attached the CBA to their papers, and therefore this Court must give Ross the benefit of the doubt with respect to Defendants' motion to dismiss.

malicious assertions about Plaintiff" in "evaluation files, PPC files, personnel files, and discussions," Am. Compl. ¶ 421; and that she suffered damage when her business relationship and contract were terminated as a result of the interference. Ross has sufficiently identified the wrongful actions—making false statements—to plead claims for tortious interference.[5]

### XIII.

Next, Defendants seek dismissal of Ross's claim for invasion of privacy. It is unclear whether she is proceeding on an "intrusion upon seclusion" theory or a "false light" theory; therefore, both theories will be addressed.

### A.

To state a claim for intrusion upon seclusion, a plaintiff must show: (1) the existence of a secret and private subject matter; (2) a right possessed by the plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter through some method objectionable to a reasonable man." *Lewis v. LeGrow*, 670 N.W.2d 675, 687 (Mich. Ct. App. 2003). "An action for intrusion upon seclusion focuses on the manner in which the information was obtained, not on the information's publication." *Id*. at 687-88.

In her amended complaint, Ross alleges that Defendants "launched an investigation into Plaintiff's private life which was unlawful and unconstitutional," Am. Compl. ¶ 456, and which "was highly offensive and would be objectively highly offensive to a reasonable person." *Id*. ¶ 461. Aside from these legal conclusions, Ross does not describe either the existence of a private subject matter nor the objectionable methods employed by Defendants to obtain that private subject matter. Plaintiff contends that she "requires discovery to identify the scope and extent of

---

[5] The pleading standard for tortious interference contrasts, of course, with an independent claim for fraud—which must meet the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b) as explained below.

the investigation, the precipitating events, responsible parties, the personal information that was gathered and released by D[efendants] . . ." Resp. 22.

Before she is entitled to discovery, Ross must meet the pleading requirements of Federal Rule of Civil Procedure 8. She must do more than recite bare legal conclusions; she must give the Defendants fair notice of her claim and the factual allegations upon which it rests. *Iqbal*, 556 U.S. at 677-78 (a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation.") Here, she has done no more than recite the legal standard (under Ohio law) for intrusion upon seclusion, and therefore she has not sufficiently pleaded a claim for intrusion upon seclusion. To the extent that she claims her life is entitled to general privacy, Ross's privacy ends where it impacts her employment. *See Lewis v. Mt. Morris Tp.*, 2008 WL 243951, at *4 (E.D. Mich. Jan. 28, 2008) (Plaintiff's "relapse, as a general matter, may be a private affair, but where it impacts enforceable terms of the [employer's last chance agreement] it cannot be a secret. Plaintiff's privacy ends where the reach of the L.C.A. begins.").

**B.**

Likewise, Defendants seek to dismiss Ross's false light invasion of privacy claim because she has not sufficiently stated a claim. Under Michigan law,

> [i]n order to maintain an action for false-light invasion of privacy, a plaintiff must show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position.

*Duran v. The Detroit News, Inc.*, 504 N.W.2d 715 (1993). Ross does not identify the false and highly objectionable statements that Defendants made. Nor does she allege that those statements

were communicated to "a large number of people" as required. Instead, she notes that SVSU has hundreds of employees and thousands of students—though she does not allege that the false and objectionable statements were made to those individuals. Accordingly, Ross's claim for false light invasion of privacy will be dismissed.

## XIV.

Defendants next assert that Ross has not sufficiently pleaded a claim for fraud. To state a claim for fraud, a plaintiff must show: (1) the defendant made a material misrepresentation; (2) the representation was false; (3) the defendant knew that the representation was false when it was made, or made it recklessly; (4) the defendant made the representation with the intention that the plaintiff would act on it; (5) the plaintiff acted in reliance on the misrepresentation; and (6) the plaintiff suffered an injury because of that reliance. *Zaremba Equipment, Inc. v. Harco Nat'l Ins. Co.*, 280 Mich. App. 16, 38-39 (2008). Moreover, under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (citing *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)).

In her amended complaint, Ross alleges that Defendants committed fraud by making "material representations about Plaintiff (in writing in Plaintiff's review and PPC records as well as verbally to other faculty, SVSUFA Executive Committee members, members of the PPC and the BOC) . . . ." Am. Compl. ¶ 481. Ross does not identify the allegedly false statements, or even the general content of the allegedly fraudulent statements. Instead, Ross merely repeats the

legal standard for alleging fraud without providing any specific facts to support the assertion. Ross's conclusory assertions do not sufficiently plead a claim for fraud, and this claim will be dismissed. *Buntea v. State Farm Mut. Auto Ins. Co.*, 467 F. Supp. 2d 740, 747 (E.D. Mich. 2006) ("[A] viable fraud claim cannot rest on mere assertions or conclusion and survive a motion to dismiss.").

## XV.

Defendants also seek to dismiss Ross's claim for silent fraud for similar reasons. Ross contends that Defendants committed silent fraud by "prepar[ing] false and misleading reports, concealed true facts about Plaintiff's actual performance, and knew that Defendants SVSU, BOC and SVSUFA would rely upon these fraudulent misrepresentations." Am. Compl. ¶ 494.

Ross has not sufficiently pleaded a claim for silent fraud. She has not identified the time, place, or content of the alleged misrepresentations as required by Rule 9. Therefore, her silent fraud claim against Defendants will be dismissed.

## XVI.

Defendants next seek dismissal of Ross's claim for intentional infliction of emotional distress. To establish a prima facie case of intentional infliction of emotional distress under Michigan law, a plaintiff must establish four elements: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Andrews v. Prudential Securities, Inc.*, 160 F.3d 304, 309 (6th Cir. 1998). The "outrageous conduct" requirement is satisfied only by conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing *Roberts v. Auto-Owners Ins. Co.*¸374 N.W.2d 905 (Mich. 1985).

Here, Ross has not sufficiently pleaded that Defendants engaged in "outrageous conduct." Ross identifies the following actions as part of the "outrageous conduct":

- "During the April 2011 meeting . . . Wetmore [was] openly angry and hostile to Plaintiff because Plaintiff had submitted a correction plan in accordance with the provisions of the CBA." Am. Compl. ¶ 511.

- Wetmore "complain[ed] that Plaintiff's campus visibility is inadequate even though there is no standard or requirement for campus visibility in the CBA." *Id*. ¶ 515.

- "Defendant Wetmore, as Dean of CBM, intentionally and maliciously refused to place Plaintiff on any SVSU committee knowing that failure to serve on such committees would harm Plaintiff's chances of obtaining tenure." *Id*. ¶ 517.

But these actions are not so extreme in degree as to go beyond all possible bounds of decency. Accordingly, Ross's intentional infliction of emotional distress against Wetmore will be dismissed.[6]

### XVII.

Defendants next seek dismissal of Ross's claim for self-defamation. The theory of self-defamation arises from a single Michigan Court of Appeals case, *Grist v. Upjohn Co.*, 168 N.W.2d 389 (Mich. Ct. App. 1969), and it has never been formally recognized by the Michigan Supreme Court. "Self-defamation is not truly a separate theory of tort liability from defamation . . . . It is more accurately described as an alternative method of alleging publication." *Forth v. Kroger Co.*, 2010 WL 3937314, at *5 (E.D. Mich. Oct. 5, 2010).

In order to be actionable, a defamatory statement must be false. In her amended complaint, Ross alleges that she has been "compelled to disclose the terms of Plaintiff's separation from SVSU to potential employers." Am. Compl. ¶ 542. More specifically, she

---

[6] Wetmore is the only moving Defendant mentioned by name in the Amended Complaint. As noted throughout this opinion, it is unclear precisely which Defendants Ross is suing in each claim. To the extent that Ross is asserting an intentional infliction of emotional distress claim against any of the other moving Defendants, the claim will likewise be dismissed for failure to state a claim for which relief may be granted.

alleges that she "applied for a job at Chrysler Corporation, had an interview, was confident that she had the job until she had to disclose that she had been terminated from SVSU." *Id*. ¶ 546. But the statement that SVSU terminated her employment is true, and therefore cannot be an actionable defamatory statement. Accordingly, Ross's claim for self-defamation will be dismissed.

## XVIII.

Ross's claim for promissory estoppel will be dismissed for a similar reason: all the alleged promises arose out of the CBA itself, not via any promises that arose outside the CBA. "Where the parties have an enforceable contract and merely dispute its terms, scope, or effect, one party cannot recover for promissory estoppel and unjust enrichment." *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 181 (6th Cir. 1996). Accordingly, Ross cannot maintain a separate action for promissory estoppel because the CBA apparently contains all the alleged representations at issue.

## XIIII.

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss (ECF No. 60) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Plaintiff Ross's claims for violation of the ADA (Counts 1, 2, 3, 16, and 17); ELCRA violation claims (Counts 4 and 5); violation of the PWDCRA (Count 6); violation of Rehabilitation Act (Count 7); violation of FMLA (Count 8); violation of the Fourteenth Amendment (Counts 11, 12, and 13); wrongful discharge (Count 14); public policy retaliation (Count 15); tortious interference with contract (Count 18); tortious interference with business relationship (Count 19); invasion of privacy (Count 21); concert of action (Count 22); promissory estoppel (Count 23); fraud (Count 24); silent fraud (Count 25); intentional infliction

of emotional distress (Count 26); self-defamation (Count 27); violation of the Fourth Amendment (Count 28); and violation of the Ninth Amendment (Count 28) are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendants' Motion to Tax Costs (ECF No. 31) is **DENIED**.

It is further **ORDERED** that the August 13, 2015 motion hearing is **CANCELLED**.

                                                s/Thomas L. Ludington  
                                                THOMAS L. LUDINGTON  
                                                United States District Judge

Dated: August 5, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2015.

                                s/Karri Sandusky  
                                Karri Sandusky, Acting Case Manager