UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R. L. ROSS,

               Plaintiff,                Case No. 14-cv-14122

v                                       Honorable Thomas L. Ludington

DONALD BACHAND, et al.,

               Defendants.

_____/

## ORDER OVERRULING OBJECTIONS, DENYING MOTION TO VACATE AND DENYING MOTION FOR PROTECTIVE ORDER

**I.**

Plaintiff Rhonda L. Ross, appearing *pro se*, initiated this matter by filing a complaint on October 27, 2014. ECF No. 1. Ross then filed an amended complaint on February 2, 2015, claiming that Defendant Saginaw Valley State University ("SVSU") and more than thirty named individuals associated with SVSU violated a plethora of her federal and state law rights when they denied her tenure and terminated her employment. ECF No. 23. In response, SVSU and some of the named defendants (the "SVSU Defendants") filed a motion to dismiss several of Ross's claims on February 20, 2015. ECF No. 30. That motion was granted on April 20, 2015. ECF No. 51. The remaining defendants then filed a motion to dismiss several of Ross's remaining claims on June 5, 2015, which was granted in part on August 5, 2015. ECF Nos, 60, 69.

**A.**

**i**

While this was occurring, the parties began conducting discovery. On June 3, the SVSU Defendants served their first interrogatories and first request for production of documents to Ross. ECF No. 78 Ex. A. The requests sought information regarding (1) Health care professionals Ross had visited with during the Fall 2011 semester; (2) every health care professional Ross had visited in the past 10 years; (3) Ross's outside employment activities while employed at SVSU; (4) Ross's employment history since leaving SVSU; (5) Ross's efforts to find employment since leaving SVSU; (6) Ross's inability to work since leaving SVSU; and (7) the amount of alleged damages Ross suffered as a result of the SVSU Defendant's conduct. The requests also asked Ross to produce (1) documents related to her efforts to obtain employment since leaving SVSU; (2) notes or memoranda related to the allegations in her amended complaint; (3) documents, photos, or recordings relating to the allegations in her amended complaint; (4) documents relied on to answer the interrogatories; (5) tax returns from 2010 to the present; (6) Ross's most recent pay stub from her current employment; (7) any employment contracts entered into since leaving SVSU; (8) documents regarding Ross's outside employment activities while employed as SVSU; and (9) Ross's professional Practices Committee file as it existed April 5, 2013. *Id*. Ross neither objected nor responded to the discovery requests.

### ii.

On June 8 2015, Ross served the SVSU Defendants with her Rule 26(a)(1)(A) disclosures. ECF No. 78 Ex. C. In those disclosures, Plaintiff identified 474 individuals likely to have discoverable information, including 164 faculty and staff members and 307 unidentified students. *Id*. On July 1, 2015 the SVSU Defendants asked Ross to supplement her disclosures to provide more specific information including the names of the 307 unidentified students. *Id*. at Ex. D. Ross responded that same day, informing the SVSU Defendants that she would work to

narrow down the lists, and that she was "guessing I can get the faculty names to you next week and the student names the following week." *Id*. Ross never followed up with the SVSU Defendants, nor did she object to their request.

### iii.

On June 12, 2015 the SVSU Defendants sent Ross a blank medical authorization form, seeking to discover Ross's medical records pursuant to Ross's assertion of noneconomic damages, including emotional distress. *Id*. at Ex. B. Ross did not respond to the request, so on July 1, 2015 the SVSU Defendants requested an update as to the authorizations. *Id*. at Ex. 5. In response, Ross stated that she would not be signing the form because it was far too broad. *Id*. She argued that she had evidence of her disability and that she did not think it appropriate to allow Defendants access to her unrelated health information. *Id*. The SVSU Defendants replied that Ross's medical records were relevant with regard to two issues in the case: (1) whether Ross has a disability under the ADA, MPWDCR, and Rehab act; and (2) Ross's request for noneconomic damages, including emotional distress. *Id*. That same day, July 1, 2015, Ross informed the SVSU Defendants that she would review their arguments and get back with you next week." *Id*.

On July 14, 2015 the SVSU Defendants requested an update from Ross. *Id*. at Ex. G. Ross responded that she had been ill and had not yet reviewed the case law, but would do so that week. *Id*. The SVSU Defendants again followed up with Ross on July 27, 2015, who responded that she was still ill and had been unable to complete that review or finish the interrogatories. *Id*. at Ex. H.

### iv.

On July 6, 2015 the SVSU Defendants served Ross with a second request for interrogatories, seeking information regarding the 473 individuals named in Plaintiff's Rule

26(a)(1)(A) disclosures and exhibits Ross expected to offer at trial. *Id*. at Ex. F. Ross did not respond or object to the request.

### B.

On August 19, 2015, the SVSU Defendants emailed Ross to request a status update regarding all outstanding discovery requests. *Id*. at Ex. I. Ross again told the SVSU Defendants that she was ill but would hopefully be able to respond in a week or so. *Id.* The SVSU Defendants followed up with Ross on August 27, 2015, and again on September 1, 2015, expressing concern with the lack of discovery progress. Ross once again responded that she had been ill and also claimed that she had been busy with the start of the new semester.

### C.

The Court issued its scheduling order on September 14, 2015, which requires discovery to be completed by April 1, 2016. ECF No. 71. The SVSU Defendants sought additional updates from Plaintiff on September 15, 2015, September 22, 2015, and October 22, 2015. *Id*. at Ex. J. Because the SVSU Defendants had not received the requested discovery by the October 30, 2015 deadline, the SVSU Defendants filed the current motion to compel discovery and for costs on November 5, 2015. ECF No. 72. Ross did not file a response to the motion.

Magistrate Judge Patricia T. Morris held a hearing on the SVSU Defendants' motion to compel on December 3, 2015. At the hearing, Ross acknowledged that despite her alleged illness she had been working as a college professor teaching classes twice a week. Tr. 20, ECF No. 79. The Magistrate Judge thus found that, because Ross was not disabled to the point of being unable to work full-time as a college professor, she had not shown good cause for her failure to provide discovery for a period of six-months. The Magistrate Judge also found the discovery requests non-privileged, relevant, and proportional to the needs of the case under the

new Rule 26. Tr. 27-30. She also found the requests for medical records proper in light of Plaintiff's claims for non-economic damages and disability. Tr. 30. The Magistrate Judge therefore found sanctions against Ross appropriate in the form of reasonable expenses caused by her failure to respond under Federal Rule of Civil Procedure 37(d)(3).

On December 3, 2015, the Magistrate Judge issued an order granting the SVSU Defendants' motion to compel and awarding sanctions. ECF No. 76. Ross objected to that order on December 22, 2015. ECF No. 77. In that same filing Ross moved to vacate the Magistrate Judge's order and sought a protective order. *Id*. Ross does not raise any specific objections to the Magistrate Judge's order. Instead, she argues generally that she was too ill to respond to the discovery requests, that she has privacy rights to her medical records and tax returns, and that the Magistrate Judge's order is facilitating Defendants' ongoing discrimination and retaliation against her.

## II.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to

apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

### A.

Under Rule 37(a)(1) a party may move for an order compelling discovery. Specifically under Rule 37(a)(3)(B), a party seeking discovery may move for an order compelling discovery when a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents or permit an inspection requested under Rule 34.

If a party fails to serve answers to interrogatories or respond to a request for inspection, then a court may order sanctions if "a party… fails to serve its answers, objections or written response." Rule 37(d)(1)(A)(ii). A party is not excused from such a failure "on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Rule 37(d)(2). If a court grants such a motion, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(d)(3) (emphasis added).

If a party fails to supplement an earlier response, provide information or identify witnesses as required by Rule 26(a) or (e), then after an opportunity to be heard, the court may order "payment of the reasonable expenses, including attorney's fees, caused by the failure." Rule 37(c)(1).

### B.

Here, Ross failed to respond to discovery requests for over six-months. Ross's claims that she was ill for the entire six-month period do not substantially justify her failure to respond where she herself admits that she continued to work full-time as a professor. Tr. 20. She also cannot argue that the discovery was objectionable, since Ross did not have a motion for a protective order pending at the time of the SVSU Defendant's motion or the Magistrate Judge's ruling. Rule 37(d)(2).

Ross's objection that she has a constitutional privacy interest in her medical records and tax returns is also without merit. As explained by the Magistrate Judge, Ross herself has placed her medical records at issue in this case by filing claims for emotional distress damages. As long as Ross seeks such non-economic damages, Ross's medical records are relevant and discoverable. Moreover, because Ross did not file any motion for protective order as to her medical records or tax returns, she is precluded from now arguing that the discovery sought was objectionable. Rule 37(d)(2).

The Magistrate Judge's order does not constitute discrimination against Ross. Ross had over six months to respond to Defendant's discovery requests and failed to do so, even while she continued to work as a college professor. As noted by the Magistrate Judge, if Ross needed an extension, then she needed to request one before the deadline passed. Tr. 24 Similarly, if Ross thought Defendants' discovery requests were too broad or burdensome, or sought privileged information, then she needed to file a motion for a protective order before the deadline passed. *Id*. Finally, as noted by the Magistrate Judge, if Ross is unable to manage her case then she should retain an attorney to represent her. *Id.*

Finally, the award of expenses under Rule 37(d)(3) is not unjust. The SVSU Defendants provided Ross with ample time to respond to their discovery requests and gave her advanced

notice that they would be filing a motion to compel discovery. Because Ross's unwarranted inaction led to the SVSU Defendants' increased litigation expenses, it is not unjust to require Ross to bear those expenses.

Because the Magistrate Judge's order granting the SVSU Defendants' motion to compel and awarding sanctions was neither clearly erroneous nor contrary to law, Ross's objections will be overruled. Her motion to vacate and her motion for a protective order will be denied.

### III.

Accordingly, it is **ORDERED** that Ross's objections, ECF No. 77 are **OVERRULED**.

It is further **ORDERED** that Ross's motion to vacate the Magistrate Judge's order granting the SVSU Defendants' motion to compel and awarding sanctions, ECF No. 77, is **DENIED**.

It is further **ORDERED** that Ross's motion for a protective order, ECF No. 77, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 12, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 12, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager