UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R. L. ROSS,

        Plaintiff,                      Case No. 14-cv-14122

v                                      Honorable Thomas L. Ludington

DONALD BACHAND, et al.,

        Defendants.

_____/

## ORDER GRANTING MOTION FOR CLARIFICATION

Plaintiff Rhonda L. Ross, appearing *pro se*, initiated this matter by filing a complaint on October 27, 2014. ECF No. 1. Ross then filed an amended complaint on February 2, 2015, claiming that Defendant Saginaw Valley State University ("SVSU") and more than thirty named individuals associated with SVSU violated a plethora of her federal and state law rights when they denied her tenure and terminated her employment. ECF No. 23. In response, SVSU and some of the named defendants (the "SVSU Defendants") filed a motion to dismiss several of Ross's claims on February 20, 2015. ECF No. 30. That motion was granted on April 20, 2015. ECF No. 51. The remaining defendants (the "Faculty Association Defendants")[1] then filed a motion to dismiss on June 5, 2015, which was granted in part on August 5, 2015. ECF Nos, 60, 69.

On January 25, 2016, the Faculty Association Defendants filed a motion seeking clarification of the Court's August 5, 2015 order granting in part and denying in part their motion

---

[1] By referring to this group of Defendants as the "Faculty Association Defendants" the Court is not implying that all Defendants in this group are members of the faculty association. Instead, this name is just intended to distinguish this group of Defendants, that incudes the SVSU Faculty Association, from the SVSU Defendants.

to dismiss. ECF No. 82. For the sake of clarity and efficiency, the remaining claims will be summarized as to the remaining defendants.

## I.

The current posture of all claims in this action is as follows:

**Count 1: ADA Discrimination:** Survives only to the extent Ross seeks injunctive remedies against Defendant SVSU. It has been dismissed as to all other Defendants.

**Count 2: Failure to Accommodate under ADA:** Dismissed in its entirety.

**Count 3: ADA Retaliation:** Survives only to the extent Ross seeks injunctive remedies against Defendant SVSU. It has been dismissed as to all other Defendants.

**Count 4: Discrimination and Retaliation under ELCRA**: Dismissed in its entirety

**Count 5: Discrimination under the PWDCRA**: Survives against SVSU and the SVSU Defendants in their individual capacities. It has been dismissed as to the Faculty Association Defendants.

**Count 6: Retaliation under the PWDCRA**: Survives against SVSU and the SVSU Defendants in their individual capacities. It has been dismissed as to the Faculty Association Defendants.

**Count 7: Discrimination and Retaliation under the Rehabilitation Act**: Survives only against Defendant SVSU. It has been dismissed as to all other Defendants.

**Count 8: FMLA Interference**: Survives only to the extent Ross seeks injunctive remedies against Defendant SVSU. It has been dismissed as to all other Defendants.

**Count 9: Breach of the Collective Bargaining Agreement**: Survives against all Defendants.[2]

**Count 10: Breach of the Duty of Fair Representation**: Survives against all Defendants.

**Count 11: Denial of Procedural Due Process and Taking of Liberty and Property Interests**: Survives against Defendant SVSU only to the extent Ross seeks injunctive remedies. It survives against all remaining SVSU Defendants in their individual capacities. It has been dismissed as to all Faculty Association Defendants.

---

[2] The Faculty Association's request to renew their motion to dismiss Ross's claim for breach of the collective bargaining agreement will not be addressed. As explained in this Court's policies and procedures, "under no circumstances may a motion be included within the text or footnotes of another motion."

**Count 12: Denial of Substantive Due Process**: Survives against Defendant SVSU only to the extent Ross seeks injunctive remedies. It survives against all remaining SVSU Defendants in their individual capacities.  It has been dismissed as to all Faculty Association Defendants.

**Count 13: Violation of 14th Amendment Equal Protection Clause**: Survives against Defendant SVSU only to the extent Ross seeks injunctive remedies. It survives against all remaining SVSU Defendants in their individual capacities.  It has been dismissed as to all Faculty Association Defendants.

**Count 14: Wrongful Discharge**: Dismissed in its entirety.

**Count 15: Discharge in Violation of Public Policy**: Dismissed in its entirety

**Count 16: Hostile Work Environment**: Dismissed in its entirety.

**Count 17: Discriminatory Compensation**: Dismissed in its entirety.

**Count 18: Tortious Interference with a Contract:** Dismissed as to Defendant SVSU.  It survives against all other Defendants in their individual capacities.

**Count 19: Tortious Interference with a Business Expectancy**: Dismissed as to Defendant SVSU.  It survives against all other Defendants in their individual capacities.

**Count 20: Civil Conspiracy**: Dismissed as to Defendant SVSU.  It survives against all other Defendants in their individual capacities.

**Count 21: Invasion of Privacy**: Dismissed in its entirety.

**Count 22: Concert of Action**: Dismissed as to Defendant SVSU and the Faculty Association Defendants.  It survives against all other SVSU Defendants in their individual capacities.

**Count 23: Promissory Estoppel:** Dismissed in its entirety.

**Count 24: Fraud and Misrepresentation:** Dismissed in its entirety.

**Count 25: Silent Fraud:** Dismissed in its entirety.

**Count 26: Infliction of Emotional Distress**: Dismissed in its entirety.

**Count 27: Compelled Self Defamation:** Dismissed in its entirety.

**Count 28: Violation of 4th and 9th Amendments**: Dismissed in its entirety.

## II.

- 4 -

Accordingly, it is **ORDERED** that the Faculty Association Defendants' motion for clarification, ECF No. 82, is **GRANTED.**

                s/Thomas L. Ludington  
                THOMAS L. LUDINGTON  
                United States District Judge

Dated: March 22, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2016.

                s/Michael A. Sian  
                MICHAEL A. SIAN, Case Manager