UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R. L. ROSS,

      Plaintiff,        Case No. 14-cv-14122

v              Honorable Thomas L. Ludington

DONALD BACHAND, et al.,

      Defendants.

_____/

### ORDER OVERRULING OBJECTIONS AND DENYING PLAINTIFF'S MOTION TO VACATE ORDER, TO STAY PROCEEDINGS, FOR PROTECTIVE ORDER AND FOR AN EXTENSION OF DISCOVERY DEADLINE

Plaintiff Rhonda L. Ross, appearing *pro se*, initiated this matter by filing a complaint on October 27, 2014. ECF No. 1.  Ross then filed an amended complaint on February 2, 2015, claiming that Defendant Saginaw Valley State University ("SVSU") and more than thirty named individuals associated with SVSU violated a plethora of her federal and state law rights when they denied her tenure and terminated her employment. ECF No. 23.  In response, SVSU and some of the named defendants (the "SVSU Defendants") filed a motion to dismiss several of Ross's claims on February 20, 2015.  ECF No. 30.  That motion was granted on April 20, 2015. ECF No. 51.  The remaining defendants then filed a motion to dismiss several of Ross's claims on June 5, 2015, which was granted in part on August 5, 2015.  ECF Nos, 60, 69.

## I.

Now before the Court are Ross's objections to Magistrate Judge Patricia T. Morris's February 26, 2016 order granting the SVSU Defendants' motion for sanctions. ECF Nos. 81, 91. The Magistrate Judge's order is based on the ongoing discovery disputes between the parties, as

previously set out in this Court's order overruling Ross's objections to the magistrate judge's order granting the SVSU Defendants' motion to compel. ECF No. 80.  For convenience, the facts are again set out below.

## A.

On June 3, the SVSU Defendants served their first interrogatories and first request for production of documents to Ross. ECF No. 78 Ex. A.  The requests sought information regarding (1) Health care professionals Ross had visited with during the Fall 2011 semester; (2) every health care professional Ross had visited in the past 10 years; (3) Ross's outside employment activities while employed at SVSU; (4) Ross's employment history since leaving SVSU; (5) Ross's efforts to find employment since leaving SVSU; (6) Ross's inability to work since leaving SVSU; and (7) the amount of alleged damages Ross suffered as a result of the SVSU Defendant's conduct.  The requests also asked Ross to produce (1) documents related to her efforts to obtain employment since leaving SVSU; (2) notes or memoranda related to the allegations in her amended complaint; (3) documents, photos, or recordings relating to the allegations in her amended complaint; (4) documents relied on to answer the interrogatories; (5) tax returns from 2010 to the present; (6) Ross's most recent pay stub from her current employment; (7) any employment contracts entered into since leaving SVSU; (8) documents regarding Ross's outside employment activities while employed as SVSU; and (9) Ross's professional Practices Committee file as it existed April 5, 2013.  *Id.* Ross neither objected nor responded to the discovery requests.

On June 8 2015, Ross served the SVSU Defendants with her Rule 26(a)(1)(A) disclosures. ECF No. 78 Ex. C.  In those disclosures, Plaintiff identified 474 individuals likely to have discoverable information, including 164 faculty and staff members and 307 unidentified

students. *Id.* On July 1, 2015 the SVSU Defendants asked Ross to supplement her disclosures to provide more specific information including the names of the 307 unidentified students. *Id.* at Ex. D. Ross responded that same day, informing the SVSU Defendants that she would work to narrow down the lists, and that she was "guessing I can get the faculty names to you next week and the student names the following week." *Id.* Ross never followed up with the SVSU Defendants, nor did she object to their request.

On June 12, 2015 the SVSU Defendants sent Ross a blank medical authorization form, seeking to discover Ross's medical records pursuant to Ross's assertion of noneconomic damages, including emotional distress. *Id.* at Ex. B. Ross did not respond to the request, so on July 1, 2015 the SVSU Defendants requested an update as to the authorizations. *Id.* at Ex. 5. In response, Ross stated that she would not be signing the form because it was far too broad. *Id.* She argued that she had evidence of her disability and that she did not think it appropriate to allow Defendants access to her unrelated health information. *Id.* The SVSU Defendants replied that Ross's medical records were relevant with regard to two issues in the case: (1) whether Ross has a disability under the ADA, MPWDCR, and Rehab act; and (2) Ross's request for noneconomic damages, including emotional distress. *Id.* That same day, July 1, 2015, Ross informed the SVSU Defendants that she would review their arguments and get back with you next week." *Id.*

On July 14, 2015 the SVSU Defendants requested an update from Ross. *Id.* at Ex. G. Ross responded that she had been ill and had not yet reviewed the case law, but would do so that week. *Id.* The SVSU Defendants again followed up with Ross on July 27, 2015, who responded that she was still ill and had been unable to complete that review or finish the interrogatories. *Id.* at Ex. H.

On July 6, 2015 the SVSU Defendants served Ross with a second request for interrogatories, seeking information regarding the 473 individuals named in Plaintiff's Rule 26(a)(1)(A) disclosures and exhibits Ross expected to offer at trial. *Id*. at Ex. F.  Ross did not respond or object to the request.

On August 19, 2015, the SVSU Defendants emailed Ross to request a status update regarding all outstanding discovery requests. *Id*. at Ex. I. Ross again told the SVSU Defendants that she was ill but would hopefully be able to respond in a week or so. *Id.*  The SVSU Defendants followed up with Ross on August 27, 2015, and again on September 1, 2015, expressing concern with the lack of discovery progress.  Ross once again responded that she had been ill and also claimed that she had been busy with the start of the new semester.

**B.**

The Court issued its scheduling order on September 14, 2015, which requires discovery to be completed by April 1, 2016. ECF No. 71.  The SVSU Defendants sought additional updates from Plaintiff on September 15, 2015, September 22, 2015, and October 22, 2015.  *Id*. at Ex. J. Because the SVSU Defendants had not received the requested discovery by the October 30, 2015 deadline, the SVSU Defendants filed a motion to compel discovery and for costs on November 5, 2015.  ECF No. 72.  Ross did not file a response to the motion.

Magistrate Judge Patricia T. Morris held a hearing on the SVSU Defendants' motion to compel on December 3, 2015.  At the hearing, Ross acknowledged that despite her alleged illness she had been working as a college professor teaching classes twice a week. Tr. 20, ECF No. 79.  The Magistrate Judge thus found that, because Ross was not disabled to the point of being unable to work full-time as a college professor, she had not shown good cause for her failure to provide discovery for a period of six-months.  The Magistrate Judge also found the

- 4 -

discovery requests non-privileged, relevant, and proportional to the needs of the case under the new Rule 26. Tr. 27-30. She also found the requests for medical records proper in light of Plaintiff's claims for non-economic damages and disability. Tr. 30. The Magistrate Judge therefore found sanctions against Ross appropriate in the form of reasonable expenses caused by her failure to respond under Federal Rule of Civil Procedure 37(d)(3).

On December 3, 2015, the Magistrate Judge issued an order granting the SVSU Defendants' motion to compel and awarding sanctions. ECF No. 76. The Magistrate Judge ordered Ross to respond to the discovery requests within 14 days, and to pay the SVSU Defendants' attorneys' fees for bringing the motion to compel in the amount of $2,002.50 within 21 days. Ross objected to that order on December 22, 2015. ECF No. 77. In that same filing Ross moved to vacate the Magistrate Judge's order and sought a protective order. *Id.* Ross's objections were overruled and her motion to vacate denied. *See* ECF No. 80.

## II.

Ross has not complied with the Magistrate Judge's order to respond to discovery and pay the required attorneys' fees. Instead, after the SVSU Defendants filed a motion for sanctions on January 25, 2016, Ross attempted to appeal on February 8, 2016. *See* ECF Nos. 81, 85. On February 25, 2016, the Magistrate Judge granted the SVSU Defendants' motion for sanctions and awarded attorney's fees. ECF No. 91. Ross now objects to that order. ECF No. 98.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous'

- 5 -

standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard . . . .   Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).  "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *Mattox v. Edelman*, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

## A.

In her objections, Ross first argues that the proceeding should be stayed and discovery deadlines extended pending her appeal.  Ross's appeal is improper for two reasons: (1) she is not appealing a final judgment; and (2) she has not obtained this Court's certification of an interlocutory appeal. *See Starcher v. Correctional Medical Systems, Inc.*, 144 F.3d 418, 422 (6th Cir. 1998) (holding that "discovery orders are generally not final decisions and cannot be reviewed unless the trial court enters a final judgment disposing of all claims.") (citing *Alexander v. United States*, 201 U.S. 117 (1906)); *See also U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,* 444 F.3d 462, 472 (6th Cir. 2006) ("[D]iscovery orders are generally not appealable under the collateral order doctrine.").  As explained by the Sixth Circuit, "the rule laid out in Alexander—that an individual seeking to appeal a discovery order must first disobey the order and suffer a contempt citation—remains the general rule today." *Pogue*, 444 F.3d at 472.  Ross's motion for a stay of proceedings and extension to the scheduling order will be denied and this Court therefore retains jurisdiction to enforce its previous order.

## B.

Ross's next objection, that the Magistrate Judge is impermissibly playing doctor and finding her not ill, misunderstands the burdens of proof in this case, and goes to the heart of Defendants' discovery requests. There is no presumption that Ross is disabled in this matter. Instead, it is Ross's burden to prove that she is in fact disabled and that she actually suffered emotional distress from Defendants' actions. Without any such proof, Ross's claims that she was too ill to act throughout a large portion of the discovery period do not substantially justify her failure to respond, especially where she herself admits that she continued to work full-time as a professor. Tr. 20.  As noted in this Court's previous order, she is also estopped from arguing that the discovery was objectionable because she did not have a motion for a protective order pending at the time of the SVSU Defendant's motion to compel or the Magistrate Judge's ruling thereon. Rule 37(d)(2).

## C.

Ross's third objection is that monetary sanctions are inappropriate because Defendants' conduct in pursuing discovery is unlawful.  Both the Magistrate Judge and this Court have already found this assertion to be without merit.  While Ross may choose to continue ignoring Defendants' discovery requests and Court orders, she should be aware that such a choice may result in further sanctions, up to and including dismissal.  For the present time, the Magistrate Judge's decision to impose further monetary sanctions is entirely appropriate, and even mandatory, under Federal Rule of Civil Procedure 37(b)(2)(C).

## D.

Ross also argues that the imposition of sanctions on *pro se* plaintiffs is inherently unjust because *pro se* parties are not granted attorney fees for "vexatious and multiplicative proceeding induced by the Defendants."  The Sixth Circuit has already held that sanctions in the form of

attorney's fees on *pro se* litigants may be appropriate, especially where the *pro se* party has some familiarity with the federal rules of civil procedure. *Mehr v. Starwood Hotels & Resorts Worldwide, Inc.*, 72 F. App'x 276 (6th Cir. 2003). There is no dispute that Ross, a licensed attorney, is familiar with the federal rules of civil procedure.

**E.**

Finally, the award of expenses under Rule 37(d)(3) is not unjust. The SVSU Defendants provided Ross with ample time to respond to their discovery requests and gave her advanced notice that they would be filing a motions to compel and motions for sanctions. The Magistrate Judge's first order compelling discovery set out clear dates and deadlines for Ross to respond to Defendants' discovery requests and pay attorneys' fees. *See* ECF No. 76. Because Ross's refusal to comply with the Magistrate Judge's order led to the SVSU Defendants' increased litigation expenses, it is not unjust to require Ross to bear those expenses.

The Magistrate Judge's order granting the SVSU Defendants' motion for sanctions was neither clearly erroneous nor contrary to law, and therefore Ross's objections will be overruled. Her motion to vacate, motion for a protective order, and motion for a stay of proceedings will be denied.

**III.**

Accordingly, it is **ORDERED** that Ross's objections, ECF No. 98 are **OVERRULED**.

It is further **ORDERED** that Ross's motion to vacate the Magistrate Judge's order granting the SVSU Defendants' motion for sanctions and payment of expenses, ECF No. 98, is **DENIED**.

It is further **ORDERED** that Ross's motion for a protective order, ECF No. 98, is **DENIED**.

It is further **ORDERED** that Ross's motion for a stay of proceedings, ECF No. 98, is **DENIED**.

It is further **ORDERED** that Ross's motion for an extension of discovery deadline, ECF No. 98, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 22, 2016

<div style="border:1px solid;">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2016.

s/Michael A. Sian
MICHAEL A. SIAN

</div>