UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R. L. ROSS,

                Plaintiff,                              Case No. 14-cv-14122

v                                                    Honorable Thomas L. Ludington

DONALD BACHAND, et al.,

                Defendants.

_____/

## ORDER DENYING MOTIONS FOR RECONSIDERATION

Plaintiff Rhonda L. Ross, a licensed attorney in the state of Michigan appearing *pro se*, initiated this matter by filing a complaint on October 27, 2014. ECF No. 1. Ross then filed an amended complaint on February 2, 2015, claiming that Defendant Saginaw Valley State University ("SVSU") and more than thirty named individuals associated with SVSU violated a plethora of her federal and state law rights when they denied her tenure and terminated her employment. ECF No. 23. In response, SVSU and some of the named defendants (the "SVSU Defendants") filed a motion to dismiss several of Ross's claims on February 20, 2015. ECF No. 30. That motion was granted on April 20, 2015. ECF No. 51. The remaining defendants (the "Faculty Association Defendants") then filed a motion to dismiss several of Ross's claims on June 5, 2015, which was granted in part on August 5, 2015. ECF Nos, 60, 69.

After Ross failed to comply with numerous discovery orders and Court ordered monetary sanctions, and after she failed to attend her own deposition – which was scheduled on the record – the Court issued an order requiring Ross to show cause as to why her case should not be dismissed. ECF No. 111. When Ross did not timely respond to that order, her case was dismissed

and judgment was entered against her on May 20, 2016. *See* ECF Nos. 116-17. Ross now moves for reconsideration of the order dismissing the case and for the judgment to be altered, amended, and vacated. ECF Nos. 118-19. For the reasons stated below Ross's motions will be denied.

**I.**

Throughout the pendency of this matter, Defendants struggled to obtain discovery materials from Plaintiff. *See* ECF Nos. 72, 75, 76, 80, 81, 89, 90, 98, 101. After Defendants did not receive adequate responses to any of their discovery requests, which were served on Plaintiff as early as June 3, 2015, the SVSU Defendants filed a motion to compel discovery and for costs on November 5, 2015. ECF No. 72. Ross did not file a response to the motion. Pursuant to a hearing on December 3, 2015, Magistrate Judge Patricia T. Morris found the SVSU Defendants' discovery requests to be reasonable and awarded monetary sanctions against Ross under Federal Rule of Civil Procedure 37(d)(3). ECF No. 76. The magistrate judge ordered Ross to respond to the discovery requests within 14 days, and to pay the SVSU Defendants' attorneys' fees for bringing the motion to compel in the amount of $2,002.50 within 21 days. Ross objected to that order on December 22, 2015. ECF No. 77. In that same filing Ross moved to vacate the Magistrate Judge's order and sought a protective order. *Id*. Ross's objections were overruled and her motion to vacate denied. *See* ECF No. 80.

Ross did not comply with the Magistrate Judge's order to respond to discovery or pay the required attorneys' fees. Instead, after the SVSU Defendants filed a motion for sanctions on January 25, 2016, Ross filed a notice of appeal to the Sixth Circuit on February 8, 2016, now docketed under the case number 16-1194. *See* ECF Nos. 81, 85. On February 25, 2016, the Magistrate Judge granted the SVSU Defendants' motion for sanctions, and on March 9, 2016 awarded the SVSU Defendants attorney's fees in the amount of $3,333.00. ECF Nos. 90, 96.

Ross's objections were again overruled, and her motion to vacate and for a protective order denied. ECF No. 101.

## A.

Discovery in this matter closed on April 1, 2016. *See* ECF No. 71. A settlement conference was conducted on the record by this Court on April 6, 2016. At the conference, the SVSU Defendants represented that Plaintiff had just begun to furnish some of the documents they had requested on March 15, 2016 without any index or organization to the furnished documents. The SVSU Defendants also represented that Plaintiff had not supplied responses to the outstanding interrogatories, nor had she provided any of her medical records. The parties also represented that no depositions had been taken. Plaintiff's deposition was scheduled with the agreement of the parties for April 28, 2016. *See* ECF No. 110 pp. 23-24.

Defendants sought a four-month extension of the scheduling order if Plaintiff was to be permitted to delay and obstruct the preparation of the case. The Court found a 45-day extension of discovery appropriate given the age of the case and the remaining issues, and issued an order extending the scheduling order. *See* ECF No. 103. The Court also directed Plaintiff to comply with Defendants' discovery requests and complete document production within four business days, or by April 12, 2016 – a date Plaintiff was agreeable to. *Id.* Plaintiff was required to furnish an index of the documents, and produce the medical records in accordance with Judge Morris's earlier ruling. *Id.* Plaintiff was warned that failure to comply with the order could, once again, result in sanctions, "up to and including dismissal." *Id*.

## B.

On April 18, 2016 the SVSU Defendants filed a motion to dismiss, arguing that Plaintiff had not provided the outstanding discovery by April 21, 2016 and had not paid any of the costs

ordered by the Court. *See* ECF No. 104. The SVSU Defendants claimed on April 11, 2016 Plaintiff Ross responded to the SVSU Defendant's Second Interrogatories with evasive and non-specific answers, and raised objections already deemed waived by this Court. SVSU Defendants also claimed that Plaintiff had failed to separately identify which witness would provide what testimony, but again grouped them into broad categories of former students and former/current SVSU employees. According to the SVSU Defendants, Plaintiff failed to produce any additional discovery or cure any other deficiencies.

On April 29, 2016 the SVSU Defendants filed a supplement to their motion to dismiss arguing that Plaintiff had failed to attend her own deposition despite the fact that the deposition had been properly noticed, agreed to, and scheduled on the record. ECF No. 107. On that date the SVSU Defendants also filed an emergency motion for a protective order under Rules 26(c) and 26(b)(2), claiming that, although Plaintiff failed to fully comply with the Court's orders regarding discovery production, Plaintiff had sent several overbroad discovery requests to Defendants on April 19, 2016, and again on April 24, 2016. *See* ECF No. 106. The SVSU Defendants claimed that Plaintiff also communicated her intent to depose 30 Defendants prior to the close of discovery on May 23, 2016.

On April 27, 2016 the Faculty Association Defendants also filed a motion to dismiss based on similar claims that Plaintiff had failed to comply with numerous Court Orders. *See* ECF No. 105 Ex. 1. The Faculty Association Defendants also filed a supplementary brief regarding Plaintiff's failure to appear at her own deposition. ECF No. 109.

**C.**

On May 4, 2016 the Court issued an order directing Plaintiff Ross to show cause in writing as to why her case should not be dismissed pursuant to Federal Rules of Civil Procedure

37(b)(2)(A) and 37(d)(1)(A). ECF No. 111. Plaintiff was given until May 19, 2016 – fourteen days – to respond. *Id*. On May 8, 2016 Plaintiff Ross filed a motion for an extension of time to file responses to Defendants' pending motions, seeking to extend her deadlines to May 27, 2016 so that she could focus her attention on her response to the show cause order. ECF No. 112. Plaintiff's extension request was granted. ECF No. 113. The order granting her request specifically states that it "does not affect Plaintiff's deadline to respond to the Court's show cause order" and that her show cause response remained due on May 19, 2016. *Id.*

Plaintiff did not file a response to the Court's show cause order on May 19, 2016. Instead, she filed yet another motion for an extension of time. *See* ECF No. 115. As in her previous motions for extensions, Plaintiff stated that she has been working diligently on her response but has been busy at work and needs additional time to conduct research. *Id*. She also referred to work she has been doing on a motion to stay in the Sixth Circuit regarding her improper appeal of a discovery order, and a writ of mandamus that she would apparently be filing shortly. Finally, she stated that she was neither a law firm nor a litigator – a representation that omitted the fact that Plaintiff is a licensed attorney in the State of Michigan. Because Plaintiff did not show good cause for an extension, especially considering the fact that the Court adjourned all of her other deadlines so that she could timely respond to the show-cause order, her request for an extension was denied.

Almost 30 days after her case was dismissed, on June 17, 2016 Plaintiff Ross filed a motion for reconsideration. ECF No. 118. Then on June 20, 2016 Ross filed an amended motion for reconsideration. ECF No. 119. Her first motion will be considered mooted by the amended filing, and her amended motion for reconsideration will be denied.

**II.**

In her amended motion Plaintiff Ross seeks reconsideration of the order and judgment dismissing her case. She also seeks relief from judgment under Federal Rules of Civil Procedure 59(e) and 60.

**A.**

To the extent Ross seeks reconsideration of the Court's order and judgment dismissing her case, her request is untimely. Under Local Rule 7.1(h) motions for reconsideration "must be filed within 14 days after entry of the judgment or order." Ross's motion for reconsideration was filed 27 days after the order and judgment at issue.

Even reaching the merits of Ross's request would not provide her any relief. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997).

In support of her claim that the Court's order dismissing her case contained a palpable defect, Ross argues that the Court erroneously relied on Defendants' representations that Ross had not complied with discovery requests. Ross's arguments in this regard amount to a delayed attempt to respond to the Court's show cause order, the response to which was due by May 19, 2016. Ross did not file a response by that date.

Nevertheless Ross now argues that Defendants never made a valid request for Ross's medical records under Rule 34. First, it is noted that Plaintiff Ross has had numerous opportunities to challenge Defendants' alleged misrepresentations, specifically in response to

Defendants' numerous discovery motions, at the settlement conference held on April 6, 2016, and in response to the Court's show-cause order issued on May 4, 2016. Ross did not do so in any meaningful way. Second, Ross's allegations are unpersuasive, especially considering that the record is replete with instances in which Defendant made valid requests for medical records, including in their motions to compel, and even on the record at the settlement conference held on April 6, 2016. *See* e.g. ECF No. 110. Ross's objections to Defendants requests have been addressed and dismissed on at least two occasions by the magistrate judge and on at least three occasions by this Court. *See* ECF Nos. 72, 75, 76, 80, 81, 89, 90, 98, 101. Plaintiff Ross's incorrect belief that she should not be required to furnish medical records (despite numerous Court orders requiring her to do so) is not a palpable defect warranting reconsideration of this Court's previous orders.

Plaintiff Ross also argues that it was erroneous and an abuse of discretion for the Court to dismiss her case. Under Federal Rule of Civil Procedure 37(b)(2)(A) the Court may dismiss an action or proceeding in whole or in part if a party fails to obey an order to provide discovery. Under Rule 37(d)(1)(A) the court may order sanctions if a party fails to attend its own deposition after being served with proper notice. Sanctions for failure to attend a deposition may result in sanctions up to and including dismissal of the action. *See* Rule 37(d)(3). Here, Ross failed to comply with at least three Court orders requiring her to provide discovery. *See* ECF Nos. 76, 90, and 103. She also failed to attend her own deposition, which was not only properly noticed, but was also scheduled before the Court, on the record, for a date and time that Plaintiff agreed to. Plaintiff also failed to pay two separate monetary sanctions ordered by the Court. Finally, and most egregiously, Ross failed to timely respond to a Court order requiring her to show cause as to why her case should not be dismissed despite a fair and reasonable opportunity to do so.

Because Ross did not provided the Court with any reason why this matter should not be dismissed pursuant to Rules 37(b)(2)(A) and 37(d)(1)(A), and because Ross showed a consistent and troubling disregard for Defendants, as well as a disregard for Court time and resources, dismissal of her case was not erroneous or an abuse of discretion.

Finally, Plaintiff Ross argues that the dismissal of her case constitutes a violation of her constitutional rights, specifically her seventh amendment right to a jury trial, and her fifth and fourteenth amendment rights to procedural due process and equal protection. These arguments are without merit. It is again notable that, while Ross is representing herself, she is a trained attorney licensed to practice in the state of Michigan. If Plaintiff Ross wished to prosecute her case against Defendants, she needed to do so in accordance with the Federal Rules of Civil Procedure, the Eastern District of Michigan Local Rules, and the scheduling order set forth by this Court. Instead, Ross attempted to play by her own rules of discovery, create her own timeline, ignore Court orders, and show blatant disregard for the time and resources of Defendants and the time and resources of this Court.

**B.**

Plaintiff Ross's request for relief under Rule 60 is similarly without merit. Rule 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b). In addition, subsection (b)(6) grants relief if there are "exceptional and extraordinary circumstances." *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990). Importantly, a party may

not use Rule 60(b) "as an occasion to relitigate its case." *Abby v. Prelesnik*, 2015 WL 348566, at *2 (E.D. Mich. Jan. 23, 2015) (quoting *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004)). A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).

As discussed above, Plaintiff Ross has not shown fraud, misrepresentation, or misconduct by Defendants that warrants relief from judgment under Rule 60(b)(3). Nor has she shown any mistake, inadvertence, surprise, or excusable neglect warranting relief from judgment under 60(b)(1), nor any exceptional and extraordinary circumstances warranting relief under Rule 60(b)(6). Through her motion, Ross is merely attempting to bring an untimely response to the Court's show cause order, and relitigate issues already decided. Her request is therefore unavailing, and will be denied.

## C.

Finally, Ross requests that the Court alter or amend the judgment under Rule 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cty., TN*, 402 F. App'x. 107, 108 (6th Cir. 2010). Because Ross has not shown that relief under Rule 59(e) is warranted under any of the four grounds, her request will be denied.

## III.

Accordingly, it is **ORDERED** that Plaintiff's amended motion for reconsideration, ECF No. 119, is **DENIED**.

It is further **ORDERED** that Plaintiff's motion for reconsideration, ECF No. 118, is **DENIED as moot**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 26, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 26, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager